IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

2008 JAN 23 PM 1: 17

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF TENNESSEE, )
and JOAN CASTLE, )
)
             Plaintiffs, )
)
v )   Case No  **3-08--0063**
)
BROOK THOMPSON, Coordinator of )
Elections for the State of Tennessee; and )
RILEY DARNELL, Secretary of State )
for the State of Tennessee, )
             Defendants. )

## COMPLAINT

COME now the Plaintiffs and for their cause of action against the Defendants, allege and state as follows, to-wit:

I.

Plaintiff LIBERTARIAN PARTY OF TENNESSEE is a non-recognized political party under the laws of the State of Tennessee.

Plaintiff ANTHONY WALL is a citizen of the United States, is a registered voter in the State of Tennessee, Chairman of the Libertarian Party of Tennessee, and desires to support and vote for recognized Libertarian Party candidates on the Tennessee ballot.

Plaintiff GREEN PARTY OF TENNESSEE is a non-recognized political party under the laws of the State of Tennessee.

Plaintiff KATHLEEN A. CULVER is a citizen of the United States, is a registered voter in the State of Tennessee, Green Party alternate delegate, and desires to support and vote for recognized Green Party candidates on the Tennessee ballot.

Plaintiff CONSTITUTION PARTY OF TENNESSEE is a non-recognized political party under the laws of the State of Tennessee.

Plaintiff JOAN CASTLE is a citizen of the United States, is a registered voter in the State of Tennessee, Chair of the Constitution Party of Tennessee, and desires to support and vote for recognized Constitution Party candidates on the Tennessee ballot.

All of the Plaintiffs which are non-recognized political parties under the laws of the State of Tennessee are political parties that do not advocate the overthrow of local, state, or national government by force or violence and are not affiliated with any organization which does advocate such a policy.

II.

Defendant BROOK THOMPSON is the Coordinator of Elections for the State of Tennessee (hereinafter referred to as "Coordinator of Elections"). In his official capacity, the Coordinator of Elections is the Chief Election Officer for the State of Tennessee, is appointed by and serves at the pleasure of the Secretary of State pursuant to T.C.A. § 2-11-201(a), makes rules and regulations as necessary to carry out the provisions of the Tennessee Election Code subject to the concurrence of the Secretary of State, pursuant to T.C.A. § 2-11-201(c), and, as Chief Election Officer for the State of Tennessee, is charged with the duties of overseeing the election laws of Tennessee and the recognition of new political parties pursuant to T.C.A. §§ 2-1-104(a)(14), 2-1-104(a)(29), and 2-11-202(a). The Coordinator of Elections has his office in the Tennessee Department of State, Division of Elections, 312 Eighth Avenue North, 9th Floor, William R. Snodgrass Tower, Nashville, Tennessee, 37243, and may be served with process at that location.

Defendant RILEY DARNELL is the Secretary of State for the State of Tennessee (hereinafter referred to as "Secretary of State"). In his official capacity, the Secretary of State is the Chief Officer of the Tennessee Department of State, and, as such, is charged with administering the duties imposed upon the Secretary of State by law including administratively overseeing the State Election Commission, appointing the Coordinator of Elections to serve as the Chief Administrative Election Officer for the State of Tennessee for the purpose of generally supervising all Tennessee elections, advising all election employees of the State as to the proper method of performing their duties, authoritatively interpreting the election laws for all persons administrating them, and such other functions as are necessary for the conducting of elections in the State of Tennessee and the recognition of new political parties, all pursuant to T.C.A. §§ 4-3-2101, 4-3-2103, 8-3-104, 2-11-201, and 2-11-202. The Secretary of State has his office in the Tennessee State Capitol Building, Nashville, Tennessee, 37243, and may be served with process at that location.

III.

This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 2201, and 2202, and Title 42, United States Code, § 1983. Venue of this Court is invoked pursuant to Title 28, United States Code, § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

IV.

This proceeding seeks a judgment declaring T.C.A., §§ 2-1-104(a)(14), 2-1-104(a)(29), 2-1-107, 2-1-114, 2-13-201(a), and 2-13-202, as applied herein to the Plaintiffs for the 2008 Tennessee Primary and General Elections and all subsequent Primary and General elections in the State of Tennessee and the facts and circumstances relating thereto, unconstitutional in that they violate in their application to the Plaintiffs herein for the 2008 Tennessee Primary and General Elections, and

3

all subsequent Tennessee Primary and General Elections, the First and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, § 1983. This proceeding also seeks an injunction, both temporary and permanent, against the Defendants, Coordinator of Elections and Secretary of State, and their agents and employees, in prohibiting the Defendants, Coordinator of Elections and Secretary of State, from following and enforcing the provisions of T.C.A., §§ 2-1-104(a)(14), 2-1-104(a)(29), and 2-11-202(a), as applied to the Plaintiffs herein for the 2008 Tennessee Primary and General Elections, and all subsequent Tennessee Primary and General Elections, so as to serve to prevent the formation of new political parties in the State of Tennessee

V.

The laws in question which were stated in rhetorical paragraph IV above are as follows, to-wit:

### T.C.A., Election Code, § 2-1-104(a)(14).

(a) In this title, unless a different meaning is clearly intended:

(14) "Political party" means an organization which nominates candidates for public office;

\* \* \* \*

### T.C.A., Election Code, § 2-1-104(a)(29).

(a) In this title, unless a different meaning is clearly intended:

(29) "Statewide political party" means either:

(A) A political party at least one (1) of whose candidates for an office to be elected by voters of the entire state in the past four (4) calendar years has received a number of votes equal to at least five percent (5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor; or

4

(B) For one (1) year after petitioning successfully, a political party which has a membership equal to at least two and one-half percent (2.5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor as shown by petitions to establish a political party filed with the coordinator of elections and signed by registered voters as members of the party and certified as to registration of the signers by the county election commissions of the counties where the signers are residents. [Acts 1972, ch. 740, §§ 1, 5; 1973, ch. 327, § 1; 1975, ch. 72, § 5; T.C.A., § 2-104; Acts 1980, ch. 725, §§ 1,2; 1983, ch. 450, § 1; 1990, ch. 727, §§ 1,2.]

* * * *

**T.C.A., Election Code, § 2-1-107.**

(a) Any person signing a petition required under this title, whether for nomination of a candidate, for a referendum or for any other purpose, shall include the address of such person's residence. The signer of a petition must include the address of such person's residence as shown on such person's voter registration card in order for that person's signature to be counted; provided, that if the address shown on the petition is within the precinct in which the person is registered but is not the address shown on the registration card, the signature shall be valid and shall be counted. In the event that the signer of a petition includes information on a nominating petition that exceeds the information contained on such person's voter registration card, the signature shall be counted if there is no conflict between them. If no street address is shown on the signer's voter registration card, that person's signature and address as shown on such person's voter registration card shall be sufficient. However, a street address shall be sufficient, and no apartment number

5

shall be required.

(b) Any person who signed a permanent registration card shall sign any petition signed under this title; provided, that any person who printed such person's name on such person's permanent registration card shall print the name on any petition signed under this title. However, failure to comply with the foregoing shall not operate to disqualify any nominating signature or candidate's signature.

(c) A person's regular signature shall be accepted just as such person's legal signature would be accepted. For example, for the purposes of this section "Joe Public" shall be accepted just as "Joseph Q. Public" would be accepted [Acts 1972, ch. 740, § 1; T.C.A., § 2-106; Acts 1981, ch. 478, § 2; 1988, ch. 933, § 1.]

\* \* \* \*

**T.C.A., Election Code, § 2-1-114.**

No political party may have nominees on a ballot or exercise any of the rights of political parties under this title until its officers have filed on its behalf with the secretary of state and with the coordinator of elections:

(1) An affidavit under oath that it does not advocate the overthrow of local, state or national government by force or violence and that it is not affiliated with any organization which does advocate such a policy; and

(2) A copy of the rules under which the party and its subdivisions operate. Copies of amendments or additions to the rules shall be filed with the secretary of state and with the coordinator of elections within thirty (30) days after they are adopted and shall be of no effect until ten (10) days after they are filed [Acts 1972, ch. 740, § 1; T.C.A., § 2-114.]

\* \* \* \*

6

**T.C.A., Election Code, § 2-13-201(a).**

(a) No person's name may be shown on a ballot as the nominee of a political party for the offices named in § 2-13-202 or for any office voted on by the voters of more than one (1) county unless the political party:

(1) Is a statewide political party; and

(2) Has nominated the person substantially in compliance with this chapter

[Acts 1972, ch. 740, § 1; 1978, ch 754, § 13; T C A., § 2-1312.]

* * * *

**T.C.A., Election Code, § 2-13-202**

Political parties shall nominate their candidates for the following offices by vote of the members of the party in primary elections at the regular August election:

(1) Governor;

(2) Members of the general assembly;

(3) United States senator; and

(4) Members of the United States house of representatives. [Acts 1972, ch 740, § 1; T.C.A , § 2-1314; 1995, ch 305, § 60.]

VI

While T C A , § 2-1-104(a)(14) defines a political party as an organization which nominates candidates for public office, T.C.A., § 2-1-104(a)(29), taken in conjunction with T C.A., §§ 2-1-107, 2-13-201(a), and 2-13-202, allows a new statewide political party to be recognized to run candidates on the ballot in the State of Tennessee for one year after petitioning successfully by presenting a petition with at least 2.5 percent of the total number of votes cast for all gubernatorial candidates in the most recent gubernatorial election as shown by petitions to establish a political party filed with the Coordinator of Elections and signed by Tennessee registered voters as members

7

of the political party.

Because of the petitioning requirement of a rather stringent 2.5 percent and party membership of the petition signers, and the in effect minimum petition deadline requirement of at least 120 days before the August Primary (which is held on August 7, 2008, in the current election year), the supporters of the non-recognized political parties herein (Libertarian, Green, and Constitution) were unable to marshal their resources in such a manner as to conduct a successful petition drive in Tennessee pursuant to T.C.A., § 2-1-104(a)(29)(B), so as to meet the aforesaid petition signature deadline, party membership requirement, and required number of signatures. In fact, it has been 40 years since a new political party was recognized by the State of Tennessee.

VII.

The Tennessee ballot access laws for new political parties in the State of Tennessee complained of herein, as applied to the non-recognized Plaintiff political parties herein and their supporters, set an unconstitutional burden because achieving statewide political party status by filing the petitions required under T.C.A., § 2-1-104(a)(29)(2) lasts for only one year, and, thus, in order to achieve ballot status in a Presidential or Gubernatorial election year and have the new political party's candidates on the ballot in Tennessee, the Petitions cannot be filed more than one year before the General election. Further, because the Coordinator of Elections requires the Petitions to form a new political party to be filed at least 30 days before the qualifying deadline for the State Primary held in August of even-numbered years so that there is an administrative period for county election commissions to verify the signatures on the Petition and for the Coordinator of Elections to determine whether the Petitions are sufficient to create a new party, it is only after this certification is made that the new party may meet and select executive committee members. However, it is only after a new political party becomes a State recognized political party that it can select a State executive committee to be elected at a statewide convention of the party. While there

8

is no particular time for this election to be held by the new political party, the new political party is limited by the requirement that the Chairperson and the Secretary of its Convention must then certify the election of the members of the Executive Committee to the Coordinator of Elections no later than 90 days before the next regular August election

Further, a petitioning political party would have to meet the 2.5 percent of the last total vote for governor in Tennessee by having registered Tennessee voters who not only want the new political party on the ballot but must state that they are members of the political party. Of course, the Defendants herein will not require the State recognized Republican and Democratic parties to present any petitions certifying their party membership in Tennessee because said political parties are already recognized in the State of Tennessee pursuant to T.C.A., § 2-1-104(a)(29)(A).

Therefore, with the 30 day administrative period to verify the signatures on the new political party petition in Tennessee and the minimum 90 days before an August election in Tennessee for the new political party to certify the election of the members of its executive committee (after having a statewide convention of the new political party), there is in effect a minimum of at least a 120 day deadline for the new political party petition prior to the Primary election in August in Tennessee. However, because of the requirements of the calling of a state convention, notice thereof, travel thereto, and other related matters, the 120 day deadline before the August Primary election in Tennessee is an understatement of the actual time required. In any event, no new political party has been able to comply with the law in Tennessee by obtaining recognition and placing its candidates on the Tennessee ballot to participate in the Primary and General elections since 1968 (when George Wallace's American Party in the Presidential Election finished ahead of the candidate of the Democratic Party in Tennessee and second in a close race with the Republican candidate for President in Tennessee).

## VIII.

The aforesaid early, vague, and discriminatory petition signature deadline in Tennessee for new political parties, coupled with the high signature requirement showing party membership, forces a new political party to seek recognition before the nominees of the recognized political parties are known or the issues are formed for the next election campaign, and unconstitutionally requires petition signers to say they are members of the unrecognized political party for which there is no election benefit or rights under the laws of the State of Tennessee. Because of the aforesaid discriminations, the vague and unnecessarily early deadline, and the unconstitutional infringement upon political association and political party membership, Tennessee's early and vague new political party petition deadline and unnecessarily stringent signature requirement of political party membership, as set forth in T.C.A., § 2-1-104(a)(29)(B), effectively eliminates the ability of unrecognized political parties to gain political party recognition in the State of Tennessee, deprives their supporters of the ability of voting for them by political association with the party of their choice, and transforms the petitioning process from a way to obtain recognition for new political parties to an arbitrary, vague, discriminatory, and unnecessarily severe means of preserving the status quo of a two-party system in Tennessee. Tennessee's requirement that registered voters who sign petitions for new party recognition must indicate that they are members of the new political party has been declared unconstitutional in every instance in which it has been litigated, viz : North Carolina, South Dakota, Nebraska, Nevada, Pennsylvania, New Mexico, Kentucky, and Ohio Tennessee's early aforesaid political party petition deadline and Petition signature requirement places and undue, unreasonable, and unjustified burden on new political parties and their supporters. The Defendants lack any compelling interest in the aforesaid early and vague petition deadline or the petition signature requirements in Tennessee as it applies to new political parties and their supporters seeking recognition in Tennessee

## IX.

The Plaintiffs, Libertarian Party of Tennessee, Green Party of Tennessee, and Constitution Party of Tennessee, and their supporters, wish to be recognized as political parties in Tennessee in order to run candidates for elective office throughout the State of Tennessee affiliated with their respective and chosen political parties, but have failed in efforts in the past to comply with the laws of the State of Tennessee for the recognition of new political parties. Because 1,818,549 votes were cast for Governor in the most recent Gubernatorial election in Tennessee (viz.: 2006), 45,464 registered Tennessee voters would have to sign a new party Petition as members of the party in order for a new party to be recognized in Tennessee pursuant to T.C.A. § 2-1-104(a)(29).

## X

In Tennessee for the 2008 election cycle, the statewide primary election in Tennessee will be held on August 7, 2008, and the statewide general election will be held on November 4, 2008.

## XI.

The aforesaid unnecessarily early, vague, and discriminatory petition filing deadline combined with the unduly burdensome, arbitrary, and discriminatory signature and party affiliation requirement for new political parties seeking recognition under the laws of the State of Tennessee not only discriminates against unrecognized political parties seeking ballot access in Tennessee, but serves no compelling state interest which justifies the aforesaid discriminatory treatment. On information and belief, Plaintiffs assert that absent intervention by this Court, the Plaintiff political parties herein and their supporters will not be able to obtain ballot access in the State of Tennessee in the year 2008 or subsequent Primary and General elections.

## XII

Defendants, Coordinator of Elections and Secretary of State, and their employees have and will exercise their authority under color of State law in enforcing the aforesaid State laws set forth

11

in rhetorical paragraph V. above, as applied to the Plaintiffs herein for the 2008 Tennessee Primary and General elections, and all subsequent Tennessee Primary and General elections, and the facts and circumstances relating thereto, in such a manner as to be in an unlawful, discriminatory, vague, capricious, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, § 1983, in that:

WHEREFORE, Plaintiffs demand judgment:

1. Declaring that T.C.A., Election Code §§ 2-1-104(a)(14), 2-1-104(a)(29), 2-1-107, 2-1-114, 2-13-201(a), and 2-13-202, as applied to the Plaintiffs herein for the 2008 Tennessee Primary and General Elections, and all subsequent Tennessee Primary and General Elections, and the facts and circumstances relating thereto, are illegal and unconstitutional, in that they are violative of the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution, and Title 42, U.S.C. § 1983, in that the aforesaid statutes are not framed in the least restrictive manner necessary to achieve the legitimate State interests in regulating ballot access and new political party formation, particularly as relating to the early and vague petition signature deadline, petition signature number required, and requirement that petition signers must state that they are members of the new political party; and, therefore, the petition signature filing deadline, petition signature number, and requirement that Petition signers must state they are members of the party is unconstitutional, discriminatory, and unnecessarily early, vague, stringent, and severe as applied to unrecognized political parties and their supporters in Tennessee who are seeking statewide recognition and ballot status.

2. Entering preliminary and permanent injunctions restraining, prohibiting, and enjoining the Defendants, the Coordinator of Elections and the Secretary of State, their agents and employees, and all persons in active concert and participation with them, from enforcing, applying, or implementing the aforesaid complained of State Election laws as to the unnecessary, vague, and

12

discriminatory early filing deadline, petition signature number required, and requirement that petition signers must state that they are members of the new political party, as applied to the instant Plaintiffs for 2008, and all subsequent Tennessee Primary and General Elections, and the facts and circumstances relating thereto.

3. Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

4. Granting Plaintiffs such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this 18th day of January, 2008

>LIBERTARIAN PARTY OF TENNESSEE,
>ANTHONY WALL, GREEN PARTY OF
>TENNESSEE, KATHLEEN A. CULVER,
>CONSTITUTION PARTY OF TENNESSEE,
>and JOAN CASTLE, Plaintiffs
>
>DARRELL L. CASTLE, TNB No. 6863
>Counsel for Plaintiffs
>
>*[signature]*
>
>2586 Hocksett Cove
>Germantown, TN 38139
>(901) 327-2100; (901) 458-9443 Facsimile
>Email: DLC2586@aol.com
>
>JAMES C. LINGER, OBA No. 5441
>Counsel for Plaintiffs
>
>*[signature]*
>
>1710 South Boston Avenue
>Tulsa, Oklahoma 74119-4810
>(918) 585-2797; (918) 583-8283 Facsimile
>Email: bostonbarristers@tulsacoxmail.com