IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF TENNESSEE, )
and JOAN CASTLE, )
 )
....Plaintiffs, ) Case No. 3: 08-0063
 ) Judge Haynes
v. )
 )
BROOK THOMPSON, Coordinator of )
Elections for the State of Tennessee; and )
RILEY DARNELL, Secretary of State )
for the State of Tennessee, )
....Defendants. )

~~PROPOSED~~ CASE MANAGEMENT ORDER No. 1

### I. Jurisdiction and Venue

This is an action for declaratory and injunctive relief. The basis on which the jurisdiction of the Court is invoked is pursuant to Title 28, U.S.C., §§ 1343(3), 1343(4), 2201, and 2202, and Title 42, U.S.C., § 1983. Venue of the Court is invoked pursuant to Title 28, U.S.C., § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

### II. Parties' Theories of the Case

1. Plaintiff's Theory of the Case:

This proceeding seeks a judgment proclaiming T.C.A., §§ 2-1-104(a)(14), 2-1-104(a)(29), 2-1-107, 2-1-114, 2-13-201(a), and 2-13-202 (which are laws of Tennessee controlling the recognition of new political parties to the Tennessee ballot and the

petitioning requirements relating thereto) as applied herein to the Plaintiffs for the 2008 Tennessee primary and general elections and all subsequent primary and general elections in the State of Tennessee's unconstitutional in that they violate in their application the First and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C., § 1983. Plaintiffs are also seeking temporary and permanent injunctive relief against enforcement of the aforesaid election laws. While the Republican and Democratic parties in Tennessee are able to maintain ballot status by having at least one of their candidates for an office to be elected by the voters of the entire State of Tennessee in the past four years receive a number of votes equal to at least 5% of the total number of votes cast for gubernatorial candidates in the most recent election for governor in Tennessee, T.C.A., § 2-1-104(a)(29)(A), a new political party in order to obtain recognition in Tennessee must present by way of petition registered voters of Tennessee who state that they are members of the new political party in a number equal to 2.5% of the total number of votes cast for governor in the State of Tennessee in the most recent election for governor. T.C.A., § 2-1-104(a)(29)(B). Because of the petitioning requirement of a rather stringent 2.5% in new political party membership of the petition signers, and the, in effect, minimum petition deadline requirement of at least 120 days before the August primary (which is held on August 7, 2008, in the current election year), the supporters of the non-recognized political parties herein were unable to marshal their resources in such a manner as to conduct a successful petition drive in Tennessee pursuant to T.C.A., § 2-1-104(a)(29)(B). No new political party has been able to meet the ballot access requirements for new political parties in Tennessee for the past 40 years.

2

The aforesaid complained-of election law for recognition of new political parties in Tennessee is unnecessarily early, vague, and discriminatory in requiring the high petition signature requirement showing party membership coupled with a deadline which is at least 120 days before the August primary in Tennessee. This results in effectively eliminating the ability of unrecognized political parties to gain political party recognition in Tennessee, deprives the supporters of the potential new political parties of their ability to cast effective votes and engage in political association with the party of their choice, and transforms the petitioning process from a way to obtain recognition for new political parties to an arbitrary, vague, discriminatory, and unnecessarily severe means of preserving the status quo of a two-party system in Tennessee. The Defendants lack any compelling interest in the aforesaid unnecessarily early, stringent, and vague petition signature requirement and deadline as it applies to potential new political parties and their supporters in Tennessee.

2. <u>Defendant's Theory of the Case:</u>

Defendants do not dispute that Tenn. Code Ann. §§ 2-1-104(a)(14) and (29) and 2-1-107 are the Tennessee statutes governing the requirements for any political party to be recognized as a statewide political party and the petitioning requirements related thereto. However, Defendants assert that Tenn. Code Ann. §§ 2-1-114 and 2-13-201(a) are the Tennessee statutes setting forth the requirements that all political parties must meet before their candidates made be placed on the ballot, and that Tenn. Code Ann. § 2-13-202 is the statutory requirement that all political parties must nominate their

3

Case 3:08-cv-00063    Document 9    Filed 03/14/2008    Page 3 of 9

Case 3:08-cv-00063    Document 11    Filed 03/18/08    Page 3 of 7 PageID #: 42

candidates for the offices of Governor, Tennessee General Assembly, United States Senate and United States House of Representatives by primary election.

Defendants dispute Plaintiffs' claim that because of the requirements of these statutes, they have been unable to conduct a successful petition drive in Tennessee. Rather, Defendants assert that Plaintiffs' failure to obtain the necessary signatures is because of a lack of effort and a lack of appeal to the electorate in Tennessee. Defendants further dispute that Tennessee's petitioning requirement of 2.5 % in new political party membership of the petition signers is discriminatory and unnecessarily severe as there is no statutory requirement of party registration in Tennessee and as the United States Supreme Court has approved a 5% petitioning requirement that is even more restrictive than Tennessee's. Finally, with respect to Tennessee's petition filing deadline, such deadlines are mandated by Tennessee's election schedule and are necessary to provide enough time for verifying the petition signatures before the primary candidate qualifying deadline.

Tennessee's statutes do not regulate or restrict the Plaintiffs' internal processes, their authority to exclude unwanted members, their capacity to communicate with the public, their ability to associate with non-members, their ability to nominate their candidates or their ability to engage in the same activities as every other political organization in the state. Rather, Tennessee's statutes provide a reasonable, orderly and efficient means of allowing unrecognized parties access to the general election ballot by demonstrating they have a modicum of support and providing assurance that their particular party designation has some meaning. Accordingly, these statutes do not unconstitutionally burden Plaintiffs' First and Fourteenth Amendment rights.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within ~~(30)~~ 10-2-08 days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference or _____, _____, 2008, this action is set for a non-jury trial on _____, _____, 2008, at \_\_\_\_\_ \_\_.m.

If this action is to be settled, the Law Clerk shall be notified by noon, _____, _____, 2008. A pretrial conference shall be held _____, _____, 2008, at \_\_\_\_\_ \_\_.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on ~~August 14~~ May 31, 2008. All written discovery shall be submitted in ~~sufficient time~~ twenty (20) days so that the response shall be in hand by

5

~~July 13, 2008.~~ [handwritten: May 31, 08] All discovery-related statements shall be filed by the close of business on ~~July 14, 2008.~~ [handwritten: May 31, 08] No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed by the close of business on ~~September 15, 2008~~ [handwritten: July 18, 08], and any response thereto shall be filed by the close of business on ~~October 6, 2008~~ [handwritten: July 31, 08]. Any reply shall be filed by the close of business on ~~October 13, 2008~~ [handwritten: August 21, 08]. **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in _____.**

Any motion to amend the pleadings or joint parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

---

[1] Strict compliance is required to Rule LR 56.01, Local Rules of Court relating to motions for summary judgment.

By the close of business on **April 18, 2008**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **May 16, 2008**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on ~~June 13,~~ May 31, 2008 **2008**.

The default standard for discovery of electronically stored information contained in Administrative Order No. 174 shall apply with respect to e-discovery, with the exception that electronically stored information shall be produced to the requesting party in its native format, rather than as image files. Also, for purposes of Administrative Order No. 174, the Defendants designate Steve Griffy with the office of the State Coordinator of Elections as our e-discovery coordinator.

It is so **ORDERED**.

**ENTERED** this the 17th day of March, 2008.

WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE

7