IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF )
TENNESSEE and JOAN CASTLE, )
)
    Plaintiffs, )
)
v. )    Case No. 3:08-0063
)    Judge Haynes
MARK GOINS, Coordinator of )
Elections for the State of Tennessee, and )
TRE HARGETT, Secretary of State for the )
State of Tennessee, )
)
    Defendants. )

# ATTACHMENT

# EXHIBIT B

# AFFIDAVIT OF BROOK THOMPSON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF )
TENNESSEE and JOAN CASTLE, )
)
    Plaintiffs, )
)
v. )    Case No. 3:08-0063
)    Judge Haynes
MARK GOINS, Coordinator of )
Elections for the State of Tennessee, and )
TRE HARGETT, Secretary of State for the )
State of Tennessee, )
)
    Defendants. )

## AFFIDAVIT OF BROOK K. THOMPSON

STATE OF TENNESSEE)
COUNTY OF DAVIDSON)

I, Brook K. Thompson, being duly sworn, do hereby affirm the following:

1.     I was the Coordinator of Elections for the State of Tennessee from November 1995 until February 2009. I am also a licensed attorney and have been licensed to practice in Tennessee since 1988. I am over the age of eighteen years, and I am competent to testify in the matters set forth herein.

2. Tennessee's election laws define a political party as "an organization which nominates candidates for public office." Tenn. Code Ann. § 2-1-104(a)(14). In order to obtain recognition as a *statewide* political party, an organization must meet one of the following requirements:

> 1. Within the last four years, have at least one candidate for an office to be elected by voters of the entire state receive at least five percent (5%) of the number of votes cast for all gubernatorial candidates in the most recent election for governor; or
>
> 2. File with the State Coordinator of Elections a petition signed by registered voters totaling at least two and a half percent (2 ½%) of the total number of votes cast for governor in the last election for governor.

Tenn. Code Ann. § 2-1-104(a)(30).

3. Statewide political parties are required to nominate their candidates for four offices – governor, general assembly members, U.S. Senator and U.S. Representative – by primary election, but they may nominate their candidates for all other offices by any method authorized under the rules of the party or by primary election. Tenn. Code Ann. §§ 2-13-202, 203.

4. The qualifying deadline for party candidates for the office of governor, general assembly member, U.S. Senator and U.S. Representative is the first Thursday in April preceding the August primary election. Independent candidates for these offices must qualify by this same deadline in order to appear on the ballot in the November general election. Both party primary candidates and independent candidates qualifying by filing a petition containing the signatures of 25 registered voters eligible to vote for the office in question. Tenn. Code Ann. § 2-5-101.

5. Because party primary candidates for the office of governor, general assembly member, U.S. Senator and U.S. Representative must qualify by the first Thursday in April,

2

during my tenure, the Coordinator of Elections has always required that the petitions to obtain recognition as a statewide political party be filed at least thirty (30) days before the qualifying deadline for the August state primary, *i.e.*, the first Thursday in March.

6. State law requires that the registration of the voters signing these petitions must be certified. Thus, the thirty (30) day time period is absolutely necessary to give state and local county election officials enough time to certify voters' registrations. In certifying the registration of the voters, the State Division of Elections has to separate out the signatures of the voters on the petitions by county and then send copies of those petitions to the appropriate local county election commission so that they can compare the address and signatures with the voters' permanent voter registration cards. After they have conducted this comparison, the local county election commission must then notify the State Division of Elections as to which registrations have been certified and which have been rejected. The Division must then compile all of this information to determine whether an organization has submitted petitions with enough valid signatures.

7. While Tenn. Code Ann. § 2-1-104(a)(30)(B) states that a petition is to be signed by registered voters "as members of the party," this statute only requires that the registration of voters be certified by election officials. It does not require election officials certify party membership, and in fact, state and county election officials would have no way of certifying party membership because Tennessee election laws do not require voter registration by party. Instead, Tennessee election laws leave it up to the political parties to determine under their own rules whether an individual is a member of the party. Thus, the handout that was developed by the State Division of Elections in the mid-1990's, which outlines the procedures for how an organization obtains recognition as a statewide political party under Tennessee law, does not

3

contain any language indicating that a petition must be signed by members of the party. Additionally, the sample petition form that was developed by the Division in 2002 does not contain any provision for a person to indicate party membership or affiliation on the face of that petition.

8. Furthermore, during my tenure as State Coordinator of Elections, because of the lack of statutory authority and practical ability to certify party membership, the State Division of Elections never required a person to indicate that they are a member of the party on the face of the petition. Also, to my knowledge, a voter's signature on a petition has never been rejected because it did not indicate the voter's party affiliation, nor would it have been rejected on those grounds. Finally, during my tenure, the Division never rejected a petition because it failed to indicate party membership of the signers of the petition nor would it have rejected a petition on those grounds unless the Tennessee General Assembly changed the current statutory requirements.

9. Tenn. Code Ann. § 2-1-114 requires that before a political party may have its nominees on a ballot or exercise any of the rights of political parties, it must have also filed with the State Coordinator of Elections a copy of the rules under which the party and its subdivision operate.

10. To my knowledge, during my tenure as the State Coordinator of Elections, neither the Libertarian Party of Tennessee, the Constitution Party of Tennessee nor the Green Party of Tennessee filed its rules with my office.

11. Additionally, Tennessee does not, and has not to my knowledge as the State Coordinator of Elections, ever required residents to register to vote according to party affiliation or membership.

4

FURTHER AFFIANT SAITH NOT.

*[signature]*
BROOK K. THOMPSON

Sworn to and subscribed before me this 14th day of January, 2010.

*[signature]*
NOTARY PUBLIC

My commission expires: 9/3/2012



5