IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF )
TENNESSEE and JOAN CASTLE, )
)
    Plaintiffs, )
)
v. ) Case No. 3:08-0063
) Judge Haynes
MARK GOINS, Coordinator of )
Elections for the State of Tennessee, and )
TRE HARGETT, Secretary of State for the )
State of Tennessee, )
)
    Defendants. )

# ATTACHMENT

# EXHIBIT C

# AFFIDAVIT OF BETH HENRY-ROBERTSON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF )
TENNESSEE and JOAN CASTLE, )
                                                      )
     Plaintiffs, )
                                                      )
v. )           Case No. 3:08-0063
                                                      )           Judge Haynes
MARK GOINS, Coordinator of )
Elections for the State of Tennessee, and )
TRE HARGETT, Secretary of State for the )
State of Tennessee, )
                                                      )
     Defendants. )

## AFFIDAVIT OF BETH HENRY ROBERTSON

STATE OF TENNESSEE)
COUNTY OF DAVIDSON)

       I, Beth Henry Robertson, being duly sworn, do hereby affirm the following:

       1.     I am the Assistant Coordinator of Elections for the State of Tennessee and have held this position since 1995. I am over the age of eighteen years, and I am competent to testify in the matters set forth herein.

       2.     I am also a licensed attorney and have been licensed in Tennessee since 1995.

3. Shortly after I jointed the State Division of Elections as Assistant Coordinator of Elections, the Division developed a hand-out which outlines the procedures for how an organization obtains recognition as a statewide political party under Tennessee law. The Division regularly updates this handout. A copy of the most recent version of the handout is attached hereto as Exhibit 1 and incorporated herein by this reference.

4. This handout outlines the petition process for obtaining recognition as a statewide political party. Basically, under that process, a party must obtain a number of signatures of registered voters equal to 2.5% of the votes cast in the most recent gubernatorial election on petitions and file those petitions with the State Division of Elections thirty (30) days before the candidate qualifying deadline, which is the first Thursday in April. State law requires that the voters' registration must be certified. Accordingly, the thirty day time period before the candidate qualifying deadline is necessary for us to certify the registration of the voters. More specifically, in certifying the registration of the voters, we have to separate out the signatures of the voters on the petitions by county and then send copies of those petitions to the appropriate local county election commission so that they can compare the address and signatures with the voters' permanent voter registration cards. The local county election commission must then notify the State Division of Elections as to which registrations have been certified and which have been rejected. The Division must then compile all of this information to determine whether an organization has submitted petitions with enough valid signatures.

4. During my tenure as Assistant Coordinator of Elections, whenever an individual or organization has contacted the Division to inquire about the process of becoming a statewide political party, the first thing that we do is provide them with a copy of this handout. If the individual/organization then informs us that they want to pursue the petition process outlined in

the handout, the Division will then determine for them the actual date of the deadline for filing their petition (*i.e.*, thirty days before the first Thursday in April).

5. After that, the Division will work with an organization in approving the format of a petition. In approving the format, we look to see that the petition contains three things: (1) a title (i.e., what the petition is for); (2) a summary or statement of the purpose of the petition; and (3) appropriate space for signatures, which includes space not only for a person's signature, but also for the person to print their name and provide their full address, including county of residence.

6. In order to further assist organizations in this petition process, in August 2002, the Division actually developed a sample petition form which it now routinely provides to any individual or organization that indicates its wishes to pursue the petition process to obtain recognition as a statewide political party. A copy of this sample form is attached as Exhibit 2 and incorporated herein by this reference.

7. With respect to the summary or statement of purpose of a petition, the Division does not mandate or provide suggested language for a petition. The Division also does not approve the language contained in a petition's summary/statement of purpose; rather, the Division simply looks to see that the petition includes a summary/statement of purpose.

8. The handout that was developed by the Division in the mid-1990's and has been consistently relied upon by the Division since that time, does not contain any language indicating that a petition must be signed by members of the party. Additionally, the sample petition form that was developed by the Division in 2002 does not contain any provision for a person to indicate party membership or affiliation on the face of that petition. While Tenn. Code Ann. § 2-1-104(a)(30)(B) states that a petition is to be signed by registered voters "as members of the

3

party," this statute only requires that the registration of voters be certified by election officials. It does not require election officials certify party membership, and in fact, state and county election officials would have no way of certifying party membership because Tennessee election laws do not require voter registration by party. Instead, Tennessee election laws leave it up to the political parties to determine under their own rules whether an individual is a member of the party.

9. Accordingly, because the Division neither has the statutory authority nor the practical ability to certify party membership of persons who have signed a petition, the Division has, to my knowledge, never required a person to indicate that they are a member of the party on the face of the petition. Also, to my knowledge, a voter's signature on a petition has never been rejected because it did not indicate the voter's party affiliation, nor would it be rejected a voter's signature on those grounds in the future. Finally, to my knowledge, the Division has never rejected a petition because it failed to indicate party membership of the signers of the petition ,nor would it reject a petition on those grounds in the future unless the Tennessee General Assembly changed the current statutory requirements.

10. I have personally reviewed the State Election Division's records. According to those records, on September 6, 2001, the Constitution Party filed 293 petition pages containing approximately 4,200 signatures with the Division. The Constitution Party filed another 345 petition pages on November 2, 2001, containing approximately 5,000 signatures. Based on the Division's records, the Constitution Party did not file any further petitions with the Division after November 2, 2001.

FURTHER AFFIANT SAITH NOT.

4

_____
BETH HENRY ROBERTSON


Sworn to and subscribed before me this __14th__ day of __January__, 2010.

_____H. Dianne Ries_____
NOTARY PUBLIC

My commission expires: __9/3/2012__



# PROCEDURES FOR RECOGNITION AS A STATEWIDE OR LOCAL POLITICAL PARTY IN TENNESSEE

## Formation of a Statewide Political Party

In Tennessee a political party is broadly defined as an organization that nominates candidates for public office. TCA §2-1-104(a)(14). The first step in the process for recognition as a statewide political party is the filing of a petition. Such petitions are filed with the coordinator of elections and must be signed by a number of registered voters equal to at least two and a half percent (2.5%) of the total number of votes cast for all gubernatorial candidates in the most recent election for governor [In 2006, a total of 1,818,549 votes were cast for governor. Two and a half percent (2.5%) of that total is equal to 45,464 voters]. The petitions must also be certified as to the registration of the signers by the county election commissions of the counties in which the signers reside. TCA §2-1-104(a)(29).

In order to have its candidates identified on the ballot, a statewide political party must meet one of the following requirements:

1.) Within the last four years, have at least one candidate for an office to be elected by voters of the entire state receive at least 5% of the number of votes cast for all gubernatorial candidates in the most recent election for governor; or

2.) File with the coordinator of elections a petition signed by registered voters totaling at least 2.5% of the total number of votes cast for governor in the last election for governor. This process assures that the organization will be recognized as a statewide political party for only one (1) year after petitioning. TCA §2-1-104(a)(29).

The Tennessee Supreme Court has held that in order for an existing statewide party to continue its recognition, it must meet the first requirement; for a new party to attain recognition, it must file the necessary petitions prescribed in the second requirement. See MacBride v. Hassler, 541 S.W.2d 591, at 593 (Tenn.Sup.Ct 1976). According to the statute, achieving statewide political party status by filing petitions lasts for only one year. TCA § 2-1-104(a)(29). Unless the party has a candidate who receives a number of votes at least equal to the amount specified in paragraph one above, status of recognition would lapse and the organization would have to file petitions again in order to regain recognized statewide political party status.

Coordinator of Elections


EXHIBIT

2

After a new political party becomes a statewide political party, its first state executive committee is to be elected at a statewide convention of the party. The chairperson and secretary of the convention must then certify the election of the members of the executive committee to the coordinator of elections no later than 90 days before the next regular August election. The term of the first members of the committee would expire on September 15th after the regular August election in a gubernatorial election year; members of the state executive committee of each party are elected at the regular August election in gubernatorial election years. Committee members are required to take an oath upon election. TCA §2-13-107. Since the names of the executive committee members must be certified to the coordinator of elections by ninety (90) days before the election, the coordinator of elections' office requires that petitions to form a new political party be filed at least thirty (30) days before the qualifying deadline for the state primary held in August of even-numbered years. This allows an administrative period for county election commissions to verify the signatures on the petition and for the coordinator of elections to determine whether the petitions are sufficient to create a new party. After this certification is made, the new party may meet and select executive committee members.

As soon as new state executive committee members have been certified to the coordinator of elections, the committee members have all the powers and duties of a state primary board. In this capacity, they are to promptly appoint county primary boards. Five persons are to be appointed for the county primary board in each county. The first members of the county primary board then serve until replaced at a regular meeting of the party which must be held in Nashville in even-numbered years. TCA §2-13-107.

A statewide political party is required to nominate its candidates for four offices -- governor, general assembly members, U.S. Senator, and U.S. Representative -- by primary election. A statewide party may nominate its candidate for other offices to be filled by the voters of more than one county by primary or other method authorized by the party rules. TCA §§2-13-202 and 203.

**Formation of Local Political Party**

A local political party may be formed in a county or municipality by filing a petition for recognition as a local political party. Such petitions are filed with the county election commission and must be signed by at least 5% of the registered voters of the county or municipality in which the party seeks to nominate candidates.

Coordinator of Elections

A local political party may have its candidates identified on the ballot in a county or municipality if either of the following requirements is met:

1) At least one of the candidates of the political party must have received at the most recent local election at least 20% of the total vote cast for the office for which he was a candidate; or

2) Within one year before an election, the local political party must have filed with the county election commission a petition for recognition as a local political party signed by at least 5% of the registered voters of the county or municipality in which it seeks to nominate candidates.

Local political parties shall nominate candidates by methods, other than primary elections, authorized by the rules of the party. Local political parties may **not** nominate candidates for the following offices: Governor, members of the General Assembly, United States Senator, members of the United States House of Representatives, and other offices to be filled by the voters of more than one county or municipality. TCA §2-13-201. Note also that municipal elections are required by state law to be non-partisan unless the municipality's charter specifically permits partisan elections. TCA §2-13-208.

Before any of their nominees may appear on a ballot, the officers of both statewide and local political parties are required to file the following items with the secretary of state and with the coordinator of elections:

1) An affidavit under oath that the party does not advocate the overthrow of local, state, or national government by force or violence and that the party is not affiliated with any organization which does advocate such a policy; and

2) A copy of the rules under which the party and its subdivisions operate. Copies of amendments or additions to the rules must be filed with the secretary of state and with the coordinator of elections within 30 days after they are adopted and are of no effect until 10 days after they are filed. TCA §2-1-114.

### Minimum Requirements for Continuing Recognition of a Statewide or Local Political Party

A political party would lose its recognition as a statewide political party if it failed to meet one of the following minimum requirements:

1) Failed to have at least one candidate for a statewide office in the last four years who received a number of votes equal to at least 5% of the total votes cast for gubernatorial candidates in the most recent election for governor; or

2) As a newly established statewide party, failed to have at least one candidate for a statewide office in the year after creation of the party who received a number of votes equal to at least 5% of the total votes cast for gubernatorial candidates in the most recent election for governor. TCA §2-1-104(29).

A local political party would lose its recognition as a political party if it failed to have at least one party candidate for a local office receive at least 20% of the total votes cast for that office at the most recent election. Both local and statewide political parties that lose recognition must re-qualify as outlined above by submitting the petitions required for the establishment of a new political party. TCA §§2-1-104(29) and 2-13-201.

# PURSUANT TO T.C.A. § 2-1-104(29)(B)
# A PETITION TO FORM A STATEWIDE POLITICAL PARTY
# TO BE CALLED _____

**The front of each page of the petition must contain a clear statement of the purpose of the petition. Furthermore, the petition may be placed on 8.5" x 14" paper.**

## SIGNATURES of REGISTERED VOTERS
*(Must be registered voters in the State of TENNESSEE)*

(Cannot sign for another – no ditto** marks)      (Address as listed on registration – No P.O. Boxes)

1. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

2. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

3. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

4. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

5. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

6. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

7. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

8. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

9. Sign here _____    Street address _____
   Print here _____    City/County/zip _____

10. Sign here _____    Street address _____
    Print here _____    City/County/zip _____

11. Sign here _____    Street address _____
    Print here _____    City/County/zip _____

12. Sign here _____    Street address _____
    Print here _____    City/County/zip _____

13. Sign here _____    Street address _____
    Print here _____    City/County/zip _____

14. Sign here _____    Street address _____
    Print here _____    City/County/zip _____

15. Sign here _____    Street address _____
    Print here _____    City/County/zip _____

*(SAMPLE watermark across page)*

**EXHIBIT 2**