IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, ANTHONY WALL, GREEN PARTY OF TENNESSEE, KATHLEEN A. CULVER, CONSTITUTION PARTY OF TENNESSEE and JOAN CASTLE,

Plaintiffs,

v.

MARK GOINS, Coordinator of Elections for the State of Tennessee, and TRE HARGETT, Secretary of State for the State of Tennessee,

Defendants.

Case No. 3:08-0063
Judge Haynes

# ATTACHMENT

# EXHIBIT G

# CONSTITUTION PARTY OF TENNESSEE'S RESPONSE TO DEFENDANTS' INTERROGATORIES

RECEIVED JUL 2 2 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF TENNESSEE, ANTHONY WALL, GREEN PARTY OF TENNESSEE, KATHLEEN A. CULVER, CONSTITUTION PARTY OF TENNESSEE, and JOAN CASTLE, ....Plaintiffs, | ) | Case No. 3: 08-0063<br>Judge Haynes |
| v. | ) | |
| BROOK THOMPSON, Coordinator of Elections for the State of Tennessee; and RILEY DARNELL, Secretary of State for the State of Tennessee, ....Defendants. | ) | |

**PLAINTIFF CONSTITUTION PARTY OF TENNESSEE'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES now the Plaintiff, Constitution Party of Tennessee, by and through its counsel of record, and by a duly authorized officer or agent, in accordance with Fed.R.Civ.P. 33 and 34, offers its response to Defendants' First Set of Interrogatories and Request for Production of Documents, as follows:

1. Please identify any and all persons who have assisted you in providing answers to these discovery requests or provided you with any portion of the information and/or documents provided in response to these discovery requests.

ANSWER:

Darrell L. Castle, 3100 Walnut Grove Rd., #610, Memphis, TN 38111
(901) 327-2100

Richard Winger, P.O. Box 470296, San Francisco, CA 94147
(415) 922-9779

Jame C. Linger, 1710 South Boston Avenue, Tulsa, OK 74119-4810
(918) 585-2797

2. Please identify all persons known or believed by you to have knowledge of the

subject matter of the Complaint in this matter, and provide a summary of the substance of that knowledge.

ANSWER:

Kathleen A. Culver, 668 Hurricane Road, Linden, TN 37096
(931) 589-6513
A co-plaintiff in the lawsuit. Ms. Culver is an alternative delegate for the Green Party of Tennessee and is knowledgeable in the history, organization, structures, and ballot access efforts of the Green Party of Tennessee.

Anthony Wall, 354 Summerville Road, Kingsport, TN 37663
(423) 534-8848
A co-plaintiff in the lawsuit. Mr. Wall is the Chairman of the Libertarian Party of Tennessee and is knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party of Tennessee.

Gary Sinewski, Atty., 250 West 57th Street, Suite 2017, New York, NY 10107
(212) 581-1516
First attorney to work on the case.

Joan Castle, 2586 Hocksett Cove, Germantown, TN 38139
(901) 624-3884
Mrs. Castle is the Chair of the Constitution Party of Tennessee and is knowledgeable in the history, organization, structure, and ballot access efforts of the Constitution Party of Tennessee.

Darrell L. Castle, Atty. 3100 Walnut Grove Rd., #610, Memphis, TN 38111
(901) 327-2100
Prior State Chairman of the Constitution Party of Tennessee and first member. Mr. Castle is currently the nominee for Vice President of the United States of the Constitution Party.

Richard Winger, P.O. Box 470296, 3201 Baker Street, San Francisco, CA 94147-0296, (415) 922-9779
Mr. Winger has worked with third parties and specifically with the national Constitution Party regarding problematic issues in getting ballot access. Mr. Winger is also editor of the Ballot Access News, the designated election law expert for the plaintiffs in the instant case, has been recognized as an expert witness in numerous federal and state election law cases, is familiar with the history of election law in the United States and the State of Tennessee, is

Case 3:08-cv-00063 Document 21-7 Filed 01/15/10 Page 3 of 19 PageID #: 162

knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party, Green Party, Constitution Party, and other political parties in the United States and the State of Tennessee, and will testify as an expert on the affects of Tennessee's current ballot access and retention laws for new and established political parties. An expert report and curricula vitae for Mr. Winger has previously been provided to counsel for the Defendants.

Joel Whitenton, attorney, in the Tennessee State Division of Elections.

3. Please identify every witness, expert or otherwise, you plan to call or rely upon at any hearing or trial in this matter. Include in your response the relevant facts, opinions or other information on which the individual is expected to testify. Also, include the identification of any document(s) on which the individual is expected to review and rely upon in giving his or her testimony.

ANSWER: Kathleen A. Culver, 668 Hurricane Road, Linden, TN 37096
(931) 589-6513
A co-plaintiff in the lawsuit. Ms. Culver is an alternative delegate for the Green Party of Tennessee and is knowledgeable in the history, organization, structures, and ballot access efforts of the Green Party of Tennessee.

Anthony Wall, 354 Summerville Road, Kingsport, TN 37663
(423) 534-8848
A co-plaintiff in the lawsuit. Mr. Wall is the Chairman of the Libertarian Party of Tennessee and is knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party of Tennessee.

Joan Castle, 2586 Hocksett Cove, Germantown, TN 38139
(901) 624-3884
Mrs. Castle is the Chair of the Constitution Party of Tennessee and is knowledgeable in the history, organization, structure, and ballot access efforts of the Constitution Party of Tennessee.

Richard Winger, P.O. Box 470296, 3201 Baker Street, San Francisco, CA 94147-0296, (415) 922-9779
Mr. Winger has worked with third parties and specifically with the national Constitution Party regarding problematic issues in getting ballot access. Mr. Winger is also editor of the Ballot Access News, the designated election law expert for the plaintiffs in the instant case, has been recognized as an expert witness in numerous federal and state election law cases, is familiar with the

history of election law in the United States and the State of Tennessee, is knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party, Green Party, Constitution Party, and other political parties in the United States and the State of Tennessee, and will testify as an expert on the affects of Tennessee's current ballot access and retention laws for new and established political parties. An expert report and curricula vitae for Mr. Winger has previously been provided to counsel for the Defendants.

Joel Whitenton, attorney, in the Tennessee State Division of Elections.

4. Please identify with specificity every state where the Constitution Party has been recognized as a statewide political party at any time during the past twenty years and all the requirements the Constitution Party had to meet in each state to obtain such recognition.

ANSWER:

Alaska: 1992 by petition of 1% of the last pres. vote; 1996 same; 2000 same; starting in 2004 and continuing, the Alaskan Independence Party has functioned as the Alaska state affiliate of the Constitution Party, and it has been on automatically by having registration of 3% of the last gubernatorial vote.

Arkansas: 1992, on by request (president only); 1996 on for president only, by petition of 1,000 names; 2000 same; 2004 same; 2008 same.

California: on continuously since 1992 (state affiliate is called American Independent Party) by polling 2% for any statewide race in midterm years, or by having registration membership greater than 1% of the last gubernatorial vote cast.

Colorado: 1992, on for president by paying $500; 1994 by 1,000 signatures; 1996 same as 1992; 1998 through present continuously on by always polling 1% for a statewide office at either of the last two elections.

Connecticut: state affiliate is called Concerned Citizens Party. 1996 on by petition of 7,500 names; 1998 on automatically for some statewide offices due to polling over 1% for those same offices in 1994; 2000 by petition of 7,500 names; 2002 on automatically for some statewide offices due to 1994 vote; 2004 by petition of 7,500 names; 2006 by petition of 7,500 names for some statewide offices and on automatically for other statewide office.

Delaware: on continuously 1996 to present because has registration of one-twentieth of 1% of state registration total.

Florida: on continuously 2000 to present because it submits a list of its party officers with Secretary of State.

Hawaii: 1996 on due to submitting a petition of 1% of the registered voters; 2000 on due to submitting a petition of one-tenth of 1% of the registered voters; 2008 same.

Idaho: 1996 on due to a petition of 2% of the last pres. vote; on continuously ever since because it runs 3 candidates every election year.

Illinois: 1996 on due to a petition of 25,000 names.

Iowa: 1992 on with a petition of 1,000 names; 1996 on with a petition of 1,500 names; 2000 same; 2004 same.

Kansas: 1998 on due to petition of 2% of last gub. vote; 2000 on automatically by polling over 1% for a statewide office in last election; 2002 on automatically since Kansas doesn't apply the vote test in presidential years in which no other statewide office is on the ballot (however, party didn't run any candidates in 2002).

Kentucky: 1992 on due to petition of 5,000 names; 1996 same; 2000 same; 2004 same.

Louisiana: 1992 on for president only by paying $500; 1996 same; 2000 same; 2004 same.

Maine: 1992 on with petition of 4,000 names; 1996 same; 1998 same; 2000 same; 2004 same.

Maryland: 1996 on with petition of 10,000 names; 2000 same; 2004 same; 2006 on automatically since one petition is good for two elections.

Massachusetts: 1992 its affiliate Independent Voters Party on by polling over 3% for a statewide office in 1990.

Michigan: 1992 its affiliate Tisch Independent Citizens Party on by polling over 1% of winner's vote in 1990; 2000 on by petition of 1% of last gub. vote; on continuously ever since by polling 1% for any statewide office.

Minnesota: 1992 on by petition of 2,000 names; 1996 same; 1998 same; 2000 on automatically by polling 5% for a statewide office in previous election; 2000 on by petition of 2,000 names; 2004 same; 2006 same.

Case 3:08-cv-00063 Document 21-7 Filed 01/15/10 Page 6 of 19 PageID #: 165

Mississippi: on continuously 1992 to the present by filing a list of state party officers with the Secretary of State.

Missouri: 1996 by petition of 10,000 names; 2000 same; 2004 same.

Montana: 2000 by petition of 5,000 names; 2002 same; 2004 same; 2006 same. On automatically in 2008 by having polled more than 5% of winner's vote for a statewide office in 2006.

Nebraska: its state affiliate, the Nebraska Party, on in 2002 by petition of 1% of last gub. vote; party has been on continuously since due to polling 5% (of statewide US House vote) for any office.

Nevada: its state affiliate, the Independent American Party, has been on continuously 1992 to the present due to polling 3% (prior to 1993) and 1% (of the US House vote total in the state) for any office.

New Hampshire: 2000 by petition of 3,000 names.

New Jersey: 1992 by petition of 800 names; 1996 same; 2000 same; 2004 same.

New Mexico: 1992 by petition of one-half of 1% of last gub vote; 1996 same; 2000 same; 2004 same.

New York: 2000 by petition of 15,000 names.

North Dakota: 2000 by petition of 7,000 names; 2004 by petition of 4,000 names; 2008 by petition of 7,000 names.

Oregon: 1996 by petition of 1.5% of last gub. vote; 2000 same; on continuously since then by polling 1% for a statewide office.

Pennsylvania: 1994 by petition of 2% of winner of judicial election in prior odd year; 1996 same; 1998 same; 2000 same; 2004 same.

Rhode Island: 1996 by petition of 1,000 names; 2000 same; 2004 same.

South Carolina: its original affiliate, the American Party, was already ballot-qualified since before 1992 by its petition of 10,000 names in 1970. The American Party changed its name to the US Taxpayers Party and then changed it again to Constitution Party, and has been continuously qualified by running one candidate every four years.

Texas: 1996 by petition of 1% of previous gub. vote.

Utah: 1992 by petition of 500 names; 1996 same; 2000 the already-ballot qualified Independent American Party became state affiliate; 2004 by petition of 2,000 names; 2006 by petition of 2,000 names; on automatically in 2008 by polling 2% for statewide office in previous election.

Vermont: 1996 by being organized in 10 towns; 2000 same; 2008 same.

Virginia: 1996 by petition of one-half of 1% of registered voters; 2000 by petition of 10,000 voters; 2004 same.

Washington: 1992 by meeting of 200 voters; 1996 same; 2000 same; 2004 by petition of 1,000 names.

Wisconsin: 1994 by petition of 10,000 signatures; continuously on afterwards through 2006 election by polling 1% for a statewide race in midterm years.

5. Please identify with specificity all instances where the Constitution Party has had a candidate on the ballot at either the August or November election in Tennessee for the past forty years, including the name of the candidate, the office sought and the percentage of votes received by each such candidate.

ANSWER:

We have never had anyone except presidential candidates run as Constitution Party candidates since we were not able to get them on the ballot as CP. People who associate themselves with our group have run as independents for local office, state house and senate seats, but I have no idea who, where or when they ran.

The following information was provided to me by Richard Winger

1992: Howard Phillips, president, .03%
1996: Howard Phillips, president, .10%
2000: Howard Phillips, president, .05%
2004: Michael Peroutka, president, .11%

6. Please identify with specificity what actions the Constitution Party has taken to obtain recognition as a statewide political party in Tennessee for the 2008 election year,

including:

(a) The date when you first started any actions to obtain recognition;

(b) Identification of all actions taken up to the filing of the Complaint in this matter, including the date of each action;

(c) Identification of all actions taken after the filing of the Complaint in this matter, including the date of each action; and

(d) Identification of all persons taking the specific actions.

ANSWER:

(a) In 2001, we sent 5,430 signatures to the Tennessee State Division of Elections.

(b) On August 13, 2001, I contacted Joel Whitenton, attorney, in the Tennessee State Division of Elections. I took notes on how he interpreted the Code. We needed 24,406 approved signatures, a statewide meeting and election of a State Executive Committee that had to be certified, appointed county primary boards (5 per county) and nomination of a Governor, General Assembliman, Senator and U.S. Representative. He advised me that Pansey Maxwell headed up the petitions end. Once signatures were done, he told me to call him back and he would help us walk through this. I faxed an introductory letter to Pansey Maxwell and received a call from Beth Henry-Robertson (615)741-7956. She advised me that they would prefer 5,000 signatures at a time in order to give us accepted signature numbers. We could send in our first set, whatever number we had, at the end of August, 2001. I was told that the legal team was Beth, Joel, and Brook Thompson, coordinator of elections. August 1, 2002 was the state primary, so our drop-dead date for being a party (convention and county requirements met) was May 3, 2002. I was told to confirm dates as we go as April 3rd might be required. I faxed a copy of the petition to Pansey and received approval on August 15, 2001. Beth confirmed that no certified copies or notary were necessary.

(c) Contacted State Elections office for dates to get elector petitions and deadlines; 4/18/08

(d) Joan Castle

7. If the actions identified in response to Interrogatory No. 6 includes the obtaining of signatures on petitions, please identify with specificity: (a) the date on when signatures on

petitions were first sought; (b) how many petitions the Constitution Party has circulated for signatures; (c) where the Constitution Party has circulated petitions for signatures; (d) how many people were involved in obtaining signatures on petitions, including their identities; (e) how many signatures were obtained prior to the filing of the Complaint in this matter; (f) how many signatures were obtained after the filing of the Complaint in this matter; and (g) the last date on which the Constitution Party sought to obtain signatures on a petition.

ANSWER:

(a) August, 2001 – November, 2001

(b) 362 individual petitions

(c) State-wide

(d) Joan Castle – 2586 Hocksett Cove, Germantown, TN 38139
James Webb – 2086 Oliver Avenue, Memphis, TN 38104
Charles Lewis – 311 Perkins Road Ext., Memphis, TN 38117

We mailed a petition to everyone we had on our list and did not ever know exactly who did them. They were given my address to send them back to me.

(e) 5,430

(f) -0-

(g) November, 2001 for regular signatures; however, in 2004 and again this year we must get 275 approved signatures to get our presidential candidate on the ballot as an independent candidate.

8. With respect to any petitions identified in response to Interrogatory No. 7, please identify any person(s), including name and address, who refused to sign a petition on the grounds that they were not a member of the Constitution Party.

ANSWER: No record (not asked).

9. Please identify with specificity all persons with any knowledge concerning the actions of the Constitution Party identified in response to Interrogatory Nos. 6, 7 and 8, including their name, address and the relevant facts or other information which the individual(s) possess.

ANSWER: Joan Castle – 2586 Hocksett Cove, Germantown, TN 38139
Darrell Castle – 3100 Walnut Grove Rd., Suite #610, Memphis, TN 38111
James Webb – 2086 Oliver Avenue, Memphis, TN 38104
Charles Lewis – 311 Perkins Road Ext., Memphis, TN 38117
James Clymer - 23 N. Lime St., Lancaster, PA (National Party Chairman)
Janine Hansen - 186 Ryndon, Unit 12, Elko, NV 89801 (National Ballot Access)
Alison Potter - 41Meadowburn, NJ 07462 (National Party Coordinator)

All individuals above were involved in Petition Drives for ballot access.

10. Please identify with specificity each instance, prior to the 2008 election year, where the Constitution Party has taken action to obtain recognition as a statewide political party. For each instance, please identify the following:

(a) The date when the Party first started any actions to obtain recognition;

(b) Identification of all actions taken; and

(c) The results of those actions.

ANSWER:

The Constitution Party of Tennessee has known from its very beginning in 1992 that it would be virtually impossible to achieve state wide recognition and ballot access as a political party and this knowledge has had a chilling effect on efforts by party members to achieve statewide ballot access. Instead, the Constitution Party of Tennessee settles each presidential election cycle for qualification of the presidential and vice presidential candidates as independent candidates in Tennessee. Basically, the requirements are impossible so there is little motivation for an attempt to achieve them.

11. If the actions identified in response to Interrogatory No. 10 include the obtaining of signatures on petitions, for each instance identified, please also identify with specificity: (a)

the date on when signatures on petitions were first sought; (b) how many petitions the Constitution Party circulated for signatures; (c) where the Constitution Party circulated petitions for signatures; (d) how many people were involved in obtaining signatures on petitions and the identification of these persons; (e) how many signatures were obtained; (f) any person(s), including name and address, who refused to sign a petition on the grounds that they were not a member of the Constitution Party; and (g) any person who was excluded from a petition on the grounds that they were not a member of the Constitution Party.

ANSWER:

(a) August, 2001 – November, 2001

(b) 362 individual petitions

(c) State-wide

(d) Joan Castle – 2586 Hocksett Cove, Germantown, TN 38139
James Webb – 2086 Oliver Avenue, Memphis, TN 38104
Charles Lewis – 311 Perkins Road Ext., Memphis, TN 38117

We mailed a petition to everyone we had on our list and did not ever know exactly who did them. They were given my address to send them back to me.

(e) 5,430

(f) No Record (not asked why)

(g) No Record (not asked why)

12. Please identify with specificity all instances where the State Coordinator of Elections or any County Election Commission has rejected or excluded the signature of a person on a petition submitted by the Constitution Party on the grounds that the such person is not member of the Constitution Party.

Case 3:08-cv-00063 Document 21-7 Filed 01/15/10 Page 12 of 19 PageID #: 171

ANSWER: Unknown as they never reported to us the number of acceptable signatures

13. Please identify with specificity the officers, if any, of the Constitution Party of Tennessee, including their names, addresses, date of election or appointment and terms of office.

ANSWER:

Joan Castle, Chairman, 2586 Hocksett Cove, Germantown, TN 38139
Elected in 2000 (3 terms)

Jim Headings, Vice Chairman, 316 Barger Branch Road, Englewood, TN 37329

Elected in 2000 (3 terms)

14. Please identify with specificity the total membership of the Constitution Party of Tennessee, including any local or county chapters of the Party.

ANSWER:

631 on mailing list (we have no formal registration). Documents responsive to this Interrogatory are attached hereto.

15. Please identify with specificity the facts supporting the allegations contained in Section IV of the Complaint.

ANSWER: No new political party has been able to be recognized in the State of Tennessee since it was successfully done by George Wallace's American Party in 1968. Because 1,818,549 votes were cast for Governor in the most recent Gubernatorial election in Tennessee (2006), 45,464 registered Tennessee voters would have to sign a new party petition as members of the party in order for a new party to be recognized in Tennessee. The 2½% of the last vote for Governor in Tennessee is among the most restrictive in the United States. The few states which have an equal to or greater percentage requirement do not require voters to say they are members of the party and allow voters to sign more than one new party petition. Further, other states have

specific and clear deadlines as to when the petition signatures are due and do not require a minimum petition deadline of at least 120 days before the political party primary dates. In Tennessee, the State Primary elections this year are on August 7, 2008, with the General Election being held on November 4, 2008. What distinguishes Tennessee from other states is that the election law for new political parties requires party membership of 2½% rather than simple petition signatures of voter saying they wish the party to be able to appear on the Tennessee ballot. See TCA, Election Code, § 2-1-104(a)(29)(B).

16. Please identify with specificity the facts supporting the allegations contained in Section VI of the Complaint.

ANSWER: See answer to Interrogatory No. 15 hereinabove.

17. Please identify with specificity the facts supporting the allegations contained in Section VIII of the Complaint.

ANSWER: See answer to Interrogatory No. 15 hereinabove. Additionally, the nominees of the Democratic and Republican parties for President of the United States will not formally be concluded this year until early September. While the probable nominees of the Democratic and Republican parties for President are currently known, the Vice Presidential candidates will not be chosen until the parties' conventions at the end of August and early September, respectively. Further, most voters do not focus on political issues prior to the actual Primary and General Elections. In fact, minor party candidates are generally only considered after voters know who the major party candidates are going to be and become dissatisfied with them. While Tennessee voters might be willing to ask for recognition of additional new parties to give Tennessee voters more choice, there is simply no benefit for someone becoming a member of an unrecognized

party well in advance of the General and Primary elections and not knowing if the unrecognized new political party will even obtain recognition. This is particularly important considering there have been no new recognized political parties since the American Party achieved recognition in 1968 (a recognition subsequently lost after the 1970 and 1972 elections because of failure to meet Tennessee's ballot retention law). While not exactly a fact—more of a matter of law—every state which previously required membership in a petition to recognize a new political party has been declared unconstitutional—North Carolina, South Dakota, Nebraska, Nevada, Pennsylvania, New Mexico, Kentucky, and Ohio. There simply has been no frequency in the last 40 years of new political parties obtaining ballot access and recognition in Tennessee, unlike the history of ballot access for new political parties in other states.

18. Please identify with specificity the facts supporting the allegations contained in Section IX of the Complaint.

ANSWER: See answers to interrogatory numbers 5, 6, 10, 11, and 15 hereinabove.

19. Please identify with specificity when how the Constitution Party of Tennessee first learned of the Tennessee state law requirements to obtain recognition as a statewide political party.

ANSWER: 1992, when we tried to get the candidates names on the ballot as Constitution Party, but could not.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce each and every document identified in your response to these interrogatories and each and every document used or referred to in answering these interrogatories.

Case 3:08-cv-00063 Document 21-7 Filed 01/15/10 Page 15 of 19 PageID #: 174

ANSWER: Documents responsive to this request are attached hereto.

2. Please produce each and every document upon which you relied in preparing your Complaint and/or which support the factual and legal allegations contained in the Complaint you have filed in this matter.

ANSWER: Documents responsive to this request are attached hereto.

3. Please produce each and every document you intend to rely upon which is not otherwise privileged or protected under law in any hearing or trial of this matter. If any Request to Produce is deemed to call for the production of any document containing privileged oral or written communication, or information protected from disclosure by the work product doctrine or otherwise, a list of each document withheld is to be furnished, and shall contain (a) the identity of the speaker or author; (b) the identify of the persons to whom the communication was directed; (c) the identify of all other persons who were present at the time of the oral communication or who have read the written communication; (d) the identity of all other persons who have information about the communication; (e) the date of the communication; (f) the place of the communication; (g) the manner in which the communication was made; (h) the duration of the communication; (i) the subject matter of the communication; (j) a statement of fact constituting the basis for withholding the information; and (k) state the request to which the information or document relates.

ANSWER: Documents responsive to this request are attached hereto.

4. Please produce copies of any petitions identified in response to Interrogatory No. 7.

ANSWER: Documents responsive to this request are attached hereto.

5. Please produce copies of any petitions identified in response to Interrogatory No. 10.

ANSWER: Documents responsive to this request are attached hereto.

6. Please produce copies of all communications, including but not limited to correspondence, newsletters, news releases, party directives, memoranda, and electronic communications concerning or relating to the Constitution Party of Tennessee's efforts to obtain recognition as a statewide political party in 2008.

ANSWER: Documents responsive to this request are attached hereto.

7. Please produce copies of all communications, including but not limited to correspondence, newsletters, news releases, party directives, memoranda, and electronic communications concerning or relating to the Constitution Party of Tennessee's efforts to obtain recognition as a statewide political party prior to 2008.

ANSWER: Documents responsive to this request are attached hereto.

8. Please produce copies of minutes of meetings of the Constitution Party of Tennessee.

ANSWER: Documents responsive to this request are attached hereto.

9. Please produce copies of any charter, by-laws, and rules of proceeding of the Constitution Party of Tennessee, and any amendments or modifications thereto.

ANSWER: Documents responsive to this request are attached hereto.

10. Please produce all documents identified in response to Interrogatory No. 19.

ANSWER: Documents responsive to this request are attached hereto.

## VERIFICATION OF ANSWERS

I, Joan Castle, after being duly sworn in accordance with the law, make oath that I am Joan Castle, and that I am duly authorized for the purposes of answering these interrogatories and making this verification, that I have provided the answers to these interrogatories upon such information as is available to me and that such answers are true, correct, and complete to the best of my knowledge, information, and belief.

Joan Castle
Joan Castle [name]
State Chairman [position]

Sworn to and subscribed before me this 18th day of June, 2008.

Hollis W. Craft
Notary Public

my commission expires 4/17/2010

Commission and Expiration:

(SEAL)

HOLLIS WILLIAMS CRAFT STATE OF TENNESSEE NOTARY PUBLIC SHELBY COUNTY

Respectfully submitted this 18th day of July, 2008.

JAMES C. LINGER, OBA#5441
Counsel for Petitioners

1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2008, a true and correct copy of the above and foregoing responses were served at:

JANET KLEINFELTER,
Senior Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
janet.kleinfelter@state.tn.us

*Counsel for Defendants*

James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

Darrell L. Castle, TNB No. 6863
Darrell L. Castle & Associates
3100 Walnut Grove, Suite 610
Memphis, TN 38111
(901) 327-2100
(901) 458-9443 Facsimile
dlc2586@aol.com

*Counsel for Plaintiffs*