IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF TENNESSEE, ANTHONY WALL, GREEN PARTY OF TENNESSEE, KATHLEEN A. CULVER, CONSTITUTION PARTY OF TENNESSEE and JOAN CASTLE, <br><br> Plaintiffs, <br><br> v. <br><br> MARK GOINS, Coordinator of Elections for the State of Tennessee, and TRE HARGETT, Secretary of State for the State of Tennessee, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Case No. 3:08-0063 <br> Judge Haynes |

# ATTACHMENT

# EXHIBIT K

# GREEN PARTY OF TENNESSEE'S RESPONSE TO DEFENDANTS' INTERROGATORIES

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF TENNESSEE, )
and JOAN CASTLE, )
)
          ....Plaintiffs, )     Case No. 3: 08-0063
)      Judge Haynes
   v. )
)
BROOK THOMPSON, Coordinator of )
Elections for the State of Tennessee; and )
RILEY DARNELL, Secretary of State )
for the State of Tennessee, )
          ....Defendants. )

## PLAINTIFF GREEN PARTY OF TENNESSEE'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES now the Plaintiff, Green Party of Tennessee, by and through its counsel of record, and by a duly authorized officer or agent, in accordance with Fed.R.Civ.P. 33 and 34, offers its response to Defendants' First Set of Interrogatories and Request for Production of Documents, as follows:

1.    Please identify any and all persons who have assisted you in providing answers to these discovery requests or provided you with any portion of the information and/or documents provided in response to these discovery requests.

ANSWER:   Kathleen A. Culver, GPTN CC Co-Chair, 668 Hurricane Rd., Linden, TN 37096
(931) 589-6513

Richard Winger, P.O. Box 470296, 3201 Baker Street, San Francisco, CA 94147-0296, (415) 922-9779

James C. Linger, Attorney, 1710 S. Boston Ave., Tulsa, OK 74119-4810
(918) 585-2797

Richard Winger, P.O. Box 470296, 3201 Baker Street, San Francisco, CA 94147-0296, (415) 922-9779

Howard Switzer, c/o Kathleen A. Culver, 668 Hurricane Rd., Linden, TN 37096
(931) 589-6513

2.  Please identify all persons known or believed by you to have knowledge of the
subject matter of the Complaint in this matter, and provide a summary of the
substance of that knowledge.

ANSWER:

Kathleen A. Culver, 668 Hurricane Road, Linden, TN 37096
(931) 589-6513
A co-plaintiff in the lawsuit. Ms. Culver is an alternative delegate for the Green
Party of Tennessee and is knowledgeable in the history, organization, structures,
and ballot access efforts of the Green Party of Tennessee.

Anthony Wall, 354 Summerville Road, Kingsport, TN 37663
(423) 534-8848
A co-plaintiff in the lawsuit. Mr. Wall is the Chairman of the Libertarian Party
of Tennessee and is knowledgeable in the history, organization, structure, and
ballot access efforts of the Libertarian Party of Tennessee.

Gary Sinewski, Atty., 250 West 57th Street, Suite 2017, New York, NY 10107
(212) 581-1516
First attorney to work on the case.

Joan Castle, 2586 Hocksett Cove, Germantown, TN 38139
(901) 624-3884
Mrs. Castle is the Chair of the Constitution Party of Tennessee and is
knowledgeable in the history, organization, structure, and ballot access efforts of
the Constitution Party of Tennessee.

Darrell L. Castle, Atty. 3100 Walnut Grove Rd., #610, Memphis, TN 38111
(901) 327-2100
Prior State Chairman of the Constitution Party of Tennessee and first member.
Mr. Castle is currently the nominee for Vice President of the United States of the
Constitution Party.

Richard Winger, P.O. Box 470296, 3201 Baker Street, San Francisco, CA 94147-
0296, (415) 922-9779
Mr. Winger has worked with third parties and specifically with the national
Constitution Party regarding problematic issues in getting ballot access. Mr.
Winger is also editor of the Ballot Access News, the designated election law
expert for the plaintiffs in the instant case, has been recognized as an expert

2

witness in numerous federal and state election law cases, is familiar with the history of election law in the United States and the State of Tennessee, is knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party, Green Party, Constitution Party, and other political parties in the United States and the State of Tennessee, and will testify as an expert on the affects of Tennessee's current ballot access and retention laws for new and established political parties. An expert report and curricula vitae for Mr. Winger has previously been provided to counsel for the Defendants.

Joel Whitenton, attorney, in the Tennessee State Division of Elections.

Additional persons known by Kathleen Culver to have knowledge of the subject matter of the Complaint include the members of the Green Party of TN Coordinating Committee whose knowledge is familiarity of the content of the Complaint itself and a personal experience of working on ballot access issues during their tenure. The Committee is comprised of:
Mike Bascom, co-chair Hamilton Co
Felicia Frasure, treasurer Davidson Co
Howard Switzer, GPUS representative Perry Co
John Miglietta, GPUS representative Davidson Co
Patricia Adams, Knox Co
Martin Holsinger, Davidson Co
Elizabeth Dachowski, Davidson Co
Robert Smith, Greene Co
Donald Land, Knox Co
Glen Harris, Hamilton Co

The other person who has knowledge of the Complaint that I am aware of is Andy Parx, Hawaii. He is working on a ballot access suit of his own and asked to review.

3.      Please identify every witness, expert or otherwise, you plan to call or rely upon at

        any hearing or trial in this matter. Include in your response the relevant facts,

        opinions or other information on which the individual is expected to testify. Also,

        include the identification of any document(s) on which the individual is expected to

        review and rely upon in giving his or her testimony.

        ANSWER:    Kathleen A. Culver, 668 Hurricane Road, Linden, TN 37096
        (931) 589-6513
        A co-plaintiff in the lawsuit. Ms. Culver is an alternative delegate for the Green

3

Party of Tennessee and is knowledgeable in the history, organization, structures, and ballot access efforts of the Green Party of Tennessee.

Anthony Wall, 354 Summerville Road, Kingsport, TN 37663
(423) 534-8848
A co-plaintiff in the lawsuit. Mr. Wall is the Chairman of the Libertarian Party of Tennessee and is knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party of Tennessee.

Joan Castle, 2586 Hocksett Cove, Germantown, TN 38139
(901) 624-3884
Mrs. Castle is the Chair of the Constitution Party of Tennessee and is knowledgeable in the history, organization, structure, and ballot access efforts of the Constitution Party of Tennessee.

Richard Winger, P.O. Box 470296, 3201 Baker Street, San Francisco, CA 94147-0296, (415) 922-9779
Mr. Winger has worked with third parties and specifically with the national Constitution Party regarding problematic issues in getting ballot access. Mr. Winger is also editor of the Ballot Access News, the designated election law expert for the plaintiffs in the instant case, has been recognized as an expert witness in numerous federal and state election law cases, is familiar with the history of election law in the United States and the State of Tennessee, is knowledgeable in the history, organization, structure, and ballot access efforts of the Libertarian Party, Green Party, Constitution Party, and other political parties in the United States and the State of Tennessee, and will testify as an expert on the affects of Tennessee's current ballot access and retention laws for new and established political parties. An expert report and curricula vitae for Mr. Winger has previously been provided to counsel for the Defendants.

Joel Whitenton, attorney, in the Tennessee State Division of Elections.

4.    Please identify with specificity every state where the Green Party has been recognized as a statewide political party at any time during the past twenty years and all the requirements the Green Party had to meet in each state to obtain such recognition.

4

ANSWER:

Alaska: 1990, by petition of 1% of last gub. vote; 1992, on automatically for having polled 3% for Governor in previous gub. election; 1994 same; 1996 same; 1998 same; 2000 same; 2002 same; 2004 on by court order; 2006 on by court order.

Arizona: 1992, by petition of 1.33% of last vote cast; 2000, same; 2008 same.

Arkansas: 1996, by petition of 1,000 names (president only); 2000 same; 2004 same; 2006 by petition of 10,000 names (for all partisan office); 2008 same.

California: 1992, by registering members equal to 1% of last gubernatorial vote; on continuously since then for meeting the vote test of 2% for any statewide race in midterm years.

Colorado: 1996, by paying $500 (president only); 1998 to the present, on continuously for having 1,000 registered members.

Connecticut: 1996, by petition of 7,500 names; 2000, automatically for president only by having polled 1% for that office in 1996; 2004 automatically for having polled 1% in 2000; 2006 by petition of 7,500 names.

Delaware: continuously 2000 to present by having registration of one-twentieth of 1% of state total.

Florida: continuously 2000 to present by submitting list of state officers to Secretary of State.

Hawaii: 1992 by petition of 1% of registered voters; 1994 automatically on for having polled 10% for statewide race in 1992; 1996 by petition of 1% of registered voters; 1998 through 2006, on automatically because had been on 1992-1996; 2008, by petition of one-tenth of 1% of registered voters.

Illinois: 2000 by petition of 25,000 names; 2006 same; 2008 automatically by having polled 5% for Governor in previous election.

Iowa: 1996 by petition of 1,500 names; 2000 same; 2002 on automatically for having polled 2% for president in previous election; 2004 by petition of 1,500 names; 2006 same.

Kentucky: 2000 by petition of 5,000 names.

Louisiana: 1996 by paying $500 (president only); 2000 same; 2004 same; continuously 2006 to present by having 1,000 registered members.

5

Maine:  1994 by 4,000 signatures; 1996 on automatically for having polled 5% for Governor in previous election; 1998 by 4,000 signatures; on automatically ever since for having polled 5% for Governor at either of two previous elections.

Maryland:  2000 by 10,000 signatures; 2004 by 10,000 signatures; 2006 on automatically since a petition counts for two elections; 2008 by 10,000 signatures.

Massachusetts:  2000 by 10,000 signatures; on automatically in 2002 for polling 3% for a statewide office in previous election year; same for 2004; 2006 by 10,000 signatures; 2008 on automatically for polling 3% for a statewide office in 2006.

Michigan:  2000 by petition of 1% of last gub. vote; on continuously since due to polling 1% for any statewide race.

Minnesota:  1996 by 2,000 signatures; 2000 by 2,000 signatures; 2002 and 2004 on automatically due to having polled 5% for any statewide race at either of two previous elections; 2006 by 2,000 signatures.

Mississippi:  on continuously since 2002 by having submitted list of party officers to Secretary of State.

Missouri:  2000 by 10,000 signatures; 2002 same; 2006 same.

Montana:  2000 by 5,000 signatures; on automatically in 2002 and 2004 for having polled 5% for winner's vote at either of two previous elections.

Nebraska:  2000 by petition of 1% of last gub. vote; 2004 same; 2006 same; on automatically in 2008 for having polled 5% for a statewide office in previous election.

Nevada:  1996 by petition of 1% of last US House vote; on automatically in 1998 for having polled 1% for statewide office in 1996, but didn't run any candidates in 1998; 2000 by petition of 1% of last US House vote; on continuously since then by polling 1% for any candidate (candidate's vote total must be at least 1% of total statewide vote for US House).

New Hampshire:  2000 by 3,000 signatures.

New Jersey:  on by getting 800 signatures in 1996, 1997, 1998, 2000, 2001, 2002, 2004, 2005.

New Mexico:  1992 on by petition of one-half of 1% of last vote cast; 1994 on automatically because such a petition gives a party two election years; on automatically in 1996 and 1998 because polled 5% for Governor in 1994; on automatically in 2000 because polled 5% for a statewide office in 1998; 2002 on by petition of one-half of 1% of last vote cast; 2004 on

6

automatically because had polled 5% for Governor in 2002; same in 2006; on in 2008 due to ruling of Secretary of State.

New York: 1996 on by getting 15,000 signatures; 1998 same; on automatically in 2000 and 2002 by polling 50,000 votes for Governor in 1998; 2004 by getting 15,000 signatures; 2006 same.

North Dakota: 2000 by getting 4,000 signatures.

Oregon: 1996 by petition of 1.5% of last gub. vote. On continuously ever since by polling 1% for any statewide race.

Pennsylvania: 2000 by petition of 2% of winning candidates for Judge's vote at previous odd year election; same for 2002; same for 2004.

Rhode Island: 1996 by petition of 1,000 names; same in 2000; on automatically in 2002 and 2004 by having polled 5% at either of last two elections for office at top of ticket.

South Carolina: 2000 by persuading Natural Law Party (ballot-qualified party) to change its name to Green Party. On continuously ever since by running at least one candidate every 4 years.

Texas: 2000 by petition of 1% of last gub. vote; on automatically in 2002 by having polled 5% for statewide office in previous election.

Utah: 2000 by 1,000 signatures; 2002 by 2,000 signatures; 2004 on automatically since no statewide race in 2002; 2006 by 2,000 signatures.

Vermont: 1996 by having town committees in 10 towns; same for all elections 2000 to present.

Virginia: 2000 by 10,000 signatures.

Washington: 1996 by 200 attendees at party convention; 2000 same; 2002 same (no statewide race was up but party was on ballot statewide); 2004 same; 2006 by 1,000 signatures.

West Virginia: (Green Party in this state is called Mountain Party) 2000 by petition of 1% of last gub. vote; on continuously ever since.

Wisconsin: 1996 by 2,000 signatures; on continuously ever since by polling 1% for a statewide race (test to remain on is not applied in presidential years, yet if a new party polls 1% in a presidential year, that counts to extend its life to the next election).

    5.    Please identify with specificity all instances where the Green Party has had a

candidate on the ballot at either the August or November election in Tennessee for the past forty

Case 3:08-cv-00063   Document 21-11   Filed 01/15/10   Page 8 of 22 PageID #: 208

years, including the name of the candidate, the office sought and the percentage of votes received by each such candidate.

ANSWER:
Candidates that have appeared on the ballot who considered themselves, and were considered by the Party, to be Green Party candidates are:

1996:  Ralph Nader, president, .34%
2000:  Ralph Nader, president, .95%
US Senate, Tom Burrell, 1.34%
2002:  US House 5, Jonathan Farley, .71%
Charlie Maziolli
2003: Knoxville City Council, Norris Dryer, 17%
2004: Knox Co. Commission, Martin Pleasant, 8.25%
2006: Governor, Howard M. Switzer, .15%
2006:  US Senate, Joseph Lugo, .14%
Governor, Howard M. Switzer, .15%
US House 1, Robert N. Smith, .58%
US House 7, Kathleen Culver, .78%
Knox Co. Commission, Martin Pleasant, 33.69%
2007: Knoxville Mayor, Isa Infante, 10.17%
2008:  US House 5, John Miglietta
US Senate, Chris Lugo

6.      Please identify with specificity what actions the Green Party has taken to obtain recognition as a statewide political party in Tennessee for the 2008 election year, including:

(a)      The date when you first started any actions to obtain recognition;

(b)      Identification of all actions taken up to the filing of the Complaint in this matter, including the date of each action;

(c)      Identification of all actions taken after the filing of the Complaint in this matter, including the date of each action; and

(d)      Identification of all persons taking the specific actions.

8

ANSWER:

(a)  The Green Party initiated efforts to obtain recognition as a statewide political party in TN for the 2008 election cycle on Tuesday, Nov. 21, 2006.  This was the initial meeting with our first hired lawyer, Gary Sinawski.

(b)  Actions taken by me toward the goal of obtaining recognition as a statewide political party include procuring teleconference services, emailing the litigants, lawyers and party coordinating committee regularly with conference call details, updates, and coordination, keeping minutes of conference calls.  Obtained the conference call service Nov 2006, attended call Nov 21, 2006, wrote fund raising letter to raise funds for lawyer 12/7/06, martin Pleasant wrote agreement letter between the Libertarian and Green Parties (Constitution Party joined the effort later) 1/20/07, multiple efforts at communication occurred over the next several months until in September 2007 we released Gary Sinawski as counsel and hired Jim Linger.  This resulted in another round of conference calls and emails moving the process forward.

(c)  Actions taken after the filing of the Complaint include occasional emails dealing with status of suit.

(d)  Persons within the Green Party to take actions in regard to the lawsuit are Kathleen Culver, Co-chair.  All Green Party of TN Coordinating Committee members are working on recognition as a statewide political party.  They are not circulating petitions, however.  The Party has limited resources and collecting petition signatures that require the signers to attest to being members of a not-yet-in-existence party is a foolhardy and futile exercise.  We continue to hold regular meetings open to the public, table at events, speak to schools and at public and private events and support candidates.  This does not get us recognition with the State, but it does get us recognition

9

with voters.

       7.      If the actions identified in response to Interrogatory No. 6 includes the obtaining of signatures on petitions, please identify with specificity: (a) the date on when signatures on petitions were first sought; (b) how many petitions the Green Party has circulated for signatures; (c) where the Green Party has circulated petitions for signatures; (d) how many people were involved in obtaining signatures on petitions, including their identities; (e) how many signatures were obtained prior to the filing of the Complaint in this matter; (f) how many signatures were obtained after the filing of the Complaint in this matter; and (g) the last date on which the Green Party sought to obtain signatures on a petition.

ANSWER:  As stated in the answer to interrogatory number 6, the Green Party of TN has not engaged in circulating petitions due to the unachievable criteria for success.

       8.      With respect to any petitions identified in response to Interrogatory No. 7, please identify any person(s), including name and address, who refused to sign a petition on the grounds that they were not a member of the Green Party.

ANSWER:    Not applicable.

       9.      Please identify with specificity all persons with any knowledge concerning the actions of the Green Party identified in response to Interrogatory Nos. 6, 7 and 8, including their name, address and the relevant facts or other information which the individual(s) possess.

ANSWER:

Persons with knowledge of actions identified in questions 6-8 are members of the GPTN Coordinating Committee:

Kathleen Culver, co-chair 668 Hurricane Creek Rd Linden Perry Co

Mike Bascom, co-chair Hamilton Co
Felicia Frasure, treasurer 518 Moore Ave, Nashville Davidson Co
Howard Switzer, GPUS representative 668 Hurricane Creek Rd Linden Perry Co
John Miglietta, GPUS representative 4018 Nebraska Ave Nashville Davidson Co
Patricia Adams, 4727 Reed Lane Knoxville  Knox Co
Martin Holsinger, Davidson Co
Elizabeth Dachowski, 4018 Nebraska Ave, Nashville Davidson Co
Robert Smith, Greene Co
Donald Land, 4743 Reed Ln. Knoxville  Knox Co
Glen Harris, Hamilton Co

10.     Please identify with specificity each instance, prior to the 2008 election year, where the Green Party has taken action to obtain recognition as a statewide political party. For each instance, please identify the following:

(a)     The date when the Party first started any actions to obtain recognition;

(b)     Identification of all actions taken; and

(c)     The results of those actions.

ANSWER:  (a)  The date the party first started taking actions to obtain recognition was 1999. For the 2000 election a special ruling allowed all 3rd party candidates to have their party affiliation added after their name.  In 2001 and 2003 the party was in communication with the Secretary of State's office discussing wording for petitions.  The Secretary of State office was evasive and unhelpful.  They refused to offer acceptable language nor confirm whether specific language on the petitions would be accepted.  They insisted we had to collect the signatures first, then they would tell us if the wording on our petition was adequate!  Since 2000 GPTN has maintained a listserv for members, a website, has run candidates, participated in civic events, spoken to civic and educational groups, held regular meetings open to the public.  Since 2001 GPTN has maintained an elected a statewide coordinating committee with at least 10 members

11

including officers and representatives of local Green Parties.

11.     If the actions identified in response to Interrogatory No. 10 include the obtaining of signatures on petitions, for each instance identified, please also identify with specificity: (a) the date on when signatures on petitions were first sought; (b) how many petitions the Green Party circulated for signatures; (c) where the Green Party circulated petitions for signatures; (d) how many people were involved in obtaining signatures on petitions and the identification of these persons; (e) how many signatures were obtained; (f) any person(s), including name and address, who refused to sign a petition on the grounds that they were not a member of the Green Party; and (g) any person who was excluded from a petition on the grounds that they were not a member of the Green Party.

ANSWER:  Not applicable.

12.     Please identify with specificity all instances where the State Coordinator of Elections or any County Election Commission has rejected or excluded the signature of a person on a petition submitted by the Green Party on the grounds that such person is not a member of the Green Party.

ANSWER:     Not applicable.

13.     Please identify with specificity the officers, if any, of the Green Party of Tennessee, including their names, addresses, date of election or appointment and terms of office.

ANSWER:

Kathleen Culver, co-chair elected 3/08 2 year term
668 Hurricane Creek Rd Linden Perry Co

Mike Bascom, co-chair elected 5/07 2 year term
Hamilton Co

12

Felicia Frasure, treasurer elected 5/07 2 tear term
518 Moore Ave, Nashville Davidson Co.

14.    Please identify with specificity the total membership of the Green Party of Tennessee, including any local or county chapters of the Party.

ANSWER:    The total membership of the Green party of TN, including Locals, is not possible to know since there is no registration by Party in Tennessee. The number of people served by the GPTN and County Chapters through regular services such as email listserv, newsletters, and correspondence is around 500.

15.    Please identify with specificity the facts supporting the allegations contained in Section IV of the Complaint.

ANSWER:    No new political party has been able to be recognized in the State of Tennessee since it was successfully done by George Wallace's American Party in 1968. Because 1,818,549 votes were cast for Governor in the most recent Gubernatorial election in Tennessee (2006), 45,464 registered Tennessee voters would have to sign a new party petition as members of the party in order for a new party to be recognized in Tennessee. The 2½% of the last vote for Governor in Tennessee is among the most restrictive in the United States. The few states which have an equal to or greater percentage requirement do not require voters to say they are members of the party and allow voters to sign more than one new party petition. Further, other states have specific and clear deadlines as to when the petition signatures are due and do not require a minimum petition deadline of at least 120 days before the political party primary dates. In Tennessee, the State Primary elections this year are on August 7, 2008, with the General Election being held on November 4, 2008. What distinguishes Tennessee from other states is that the

13

election law for new political parties requires party membership of 2½% rather than simple petition signatures of voter saying they wish the party to be able to appear on the Tennessee ballot. See TCA, Election Code, § 2-1-104(a)(29)(B).

Also, Section IV of the Complaint deals with the unconstitutional qualities of the TN Code in regards to Constitutional Amendments I and XIV. The Green Party of TN has been denied its rights in regard to the law due to its being beholden by the State to provide equal protection under the law. Newly forming parties without the depth of pockets or depth of membership of the two established parties warrant protection by the state of our rights to exist and to protect us from undue hardships imposed to protect other existing parties. Freedom of Assembly and Freedom of Speech are ours in front of the public, but when it comes to protection of our rights to assemble on the ballot it is denied.

16.    Please identify with specificity the facts supporting the allegations contained in Section VI of the Complaint.

ANSWER:    See answer to Interrogatory No. 15 hereinabove.

Also, the allegations contained within Section 16 include the unconstitutionality of the high number of signatures required and even more unreasonable, the criteria that signatories must claim to be members of the Party petitioning. While petitioning for candidates running as independent there is no requirement put on the signatories other than registered voter of the state. People will therefore sign these petitions even without support of the specific candidate because they understand the importance of choice in a democracy. While petitioning for various independent candidates over the years I have found people very open to signing petitions for candidates they may or may not support because it was in holding with their democratic values.

14

People do not want to have their choices limited so allowing other candidates on the ballot, other than the one they support, is a healthy thing. But having to sign a petition which limits your choice by insisting on party membership to sign petitions decreases choice and decreases the democratic process of our elections. I ask you, if you were approached by a petitioner and asked to sign a document claiming you belonged to a group that for all legal purposes does not even exist would you sign?

17. Please identify with specificity the facts supporting the allegations contained in Section VIII of the Complaint.

ANSWER: See answer to Interrogatory No. 15 hereinabove. Additionally, the nominees of the Democratic and Republican parties for President of the United States will not formally be concluded this year until early September. While the probable nominees of the Democratic and Republican parties for President are currently known, the Vice Presidential candidates will not be chosen until the parties' conventions at the end of August and early September, respectively. Further, most voters do not focus on political issues prior to the actual Primary and General Elections. In fact, minor party candidates are generally only considered after voters know who the major party candidates are going to be and become dissatisfied with them. While Tennessee voters might be willing to ask for recognition of additional new parties to give Tennessee voters more choice, there is simply no benefit for someone becoming a member of an unrecognized party well in advance of the General and Primary elections and not knowing if the unrecognized new political party will even obtain recognition. This is particularly important considering there have been no new recognized political parties since the American Party achieved recognition in 1968 (a recognition subsequently lost after the 1970 and 1972 elections because of failure to

15

meet Tennessee's ballot retention law). While not exactly a fact—more of a matter of law—every state which previously required membership in a petition to recognize a new political party has been declared unconstitutional—North Carolina, South Dakota, Nebraska, Nevada, Pennsylvania, New Mexico, Kentucky, and Ohio. There simply has been no frequency in the last 40 years of new political parties obtaining ballot access and recognition in Tennessee, unlike the history of ballot access for new political parties in other states.

Also, the allegations in Section VIII are clear. And they have been expressed and clarified already in this document. The only states that have a law like Tennessee's law claiming signatories must belong to the party in the petition, and who have been challenged in court, have all had their law deemed unconstitutional by the courts. Every one.

18.     Please identify with specificity the facts supporting the allegations contained in Section IX of the Complaint.

ANSWER:     See answers to interrogatory numbers 5, 6, 10, 11, and 15 hereinabove. Also, the facts as they pertain to the allegations in Section IX of the complaint are just that, facts. This Section states the number of signatures required by law. There is nothing in Section IX that pertains to the green party differently than any other party seeking recognition.

19.     Please identify with specificity when how the Green Party of Tennessee first learned of the Tennessee state law requirements to obtain recognition as a statewide political party.

ANSWER:     The Green Party of TN learned of the Tennessee state law requirements in 1999. For the 2000 election cycle there was a one-time listing of party affiliation after the candidates' name so no petitions were circulated. For 2002 election cycle the Party pursued the idea of

16

circulating petitions. However the rules are not clear and the Secretary of State office was less than forthcoming with clarifying the nuances. They would not assist us in approving the wording of our petitions prior to circulating them, and they refused to offer wording that would be approved. We did not attempt circulating the petitions after learning, on top of prohibitive requirements for gathering the signatures, we had no assurance the Secretary of State would accept the wording of the petition. We have taken direct action on many other fronts to reach the voters ever since. Ways that are more effective given our numbers and our resources.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Please produce each and every document identified in your response to these interrogatories and each and every document used or referred to in answering these interrogatories.

ANSWER:     Documents responsive to this request are attached hereto.

2.     Please produce each and every document upon which you relied in preparing your Complaint and/or which support the factual and legal allegations contained in the Complaint you have filed in this matter.

ANSWER:     Documents responsive to this request are attached hereto.

3.     Please produce each and every document you intend to rely upon which is not otherwise privileged or protected under law in any hearing or trial of this matter. If any Request to Produce is deemed to call for the production of any document containing privileged oral or written communication, or information protected from disclosure by the work product doctrine or otherwise, a list of each document withheld is to be furnished, and shall contain (a) the identity of the speaker or author; (b) the identify of the persons to whom the communication was directed;

17

(c) the identify of all other persons who were present at the time of the oral communication or who have read the written communication; (d) the identity of all other persons who have information about the communication; (e) the date of the communication; (f) the place of the communication; (g) the manner in which the communication was made; (h) the duration of the communication; (i) the subject matter of the communication; (j) a statement of fact constituting the basis for withholding the information; and (k) state the request to which the information or document relates.

ANSWER: Documents responsive to this request are attached hereto.

4. Please produce copies of any petitions identified in response to Interrogatory No. 7.

ANSWER: Documents responsive to this request are attached hereto.

5. Please produce copies of any petitions identified in response to Interrogatory No. 10.

ANSWER: Documents responsive to this request are attached hereto.

6. Please produce copies of all communications, including but not limited to correspondence, newsletters, news releases, party directives, memoranda, and electronic communications concerning or relating to the Green Party of Tennessee's efforts to obtain recognition as a statewide political party in 2008.

ANSWER: Documents responsive to this request are attached hereto.

7. Please produce copies of all communications, including but not limited to correspondence, newsletters, news releases, party directives, memoranda, and electronic communications concerning or relating to the Green Party of Tennessee's efforts to obtain

18

recognition as a statewide political party prior to 2008.

ANSWER:  Documents responsive to this request are attached hereto.

8.  Please produce copies of minutes of meetings of the Green Party of Tennessee.

ANSWER:  Documents responsive to this request are attached hereto.

9.  Please produce copies of any charter, by-laws, and rules of proceeding of the Green Party of Tennessee, and any amendments or modifications thereto.

ANSWER:  Documents responsive to this request are attached hereto.

10.  Please produce all documents identified in response to Interrogatory No. 19.

ANSWER:  Documents responsive to this request are attached hereto.

## VERIFICATION OF ANSWERS

I, _Kathleen A. Culver_, after being duly sworn in accordance with the law, make oath that I am _Kathleen A. Culver_, and that I am duly authorized for the purposes of answering these interrogatories and making this verification, that I have provided the answers to these interrogatories upon such information as is available to me and that such answers are true, correct, and complete to the best of my knowledge, information, and belief.

_Kathleen A. Culver_

[name]

[position]

Sworn to and subscribed before me this _8_ day of _July_, 2008.

_Amanda Hamm_

Notary Public

Commission and Expiration: _3-04-12_

(SEAL)

Respectfully submitted this _15th_ day of _July, 2008_

JAMES C. LINGER, OBA#5441
Counsel for Petitioners

1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _18th_ day of _July_, 2008, a true and correct copy of

the above and foregoing responses were served at:

JANET KLEINFELTER,
Senior Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
janet.kleinfelter@state.tn.us

*Counsel for Defendants*

James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com


Darrell L. Castle, TNB No. 6863
Darrell L. Castle & Associates
3100 Walnut Grove, Suite 610
Memphis, TN 38111
(901) 327-2100
(901) 458-9443 Facsimile
dlc2586@aol.com

*Counsel for Plaintiffs*

21