

# AMENDED EXPERT REPORT OF RICHARD WINGER

I am over 18 years of age, and a resident of the State of California and reside at 3201 Baker Street, San Francisco CA 94123. I make this report based on my own personal knowledge and research that I have conducted. I have testified in courts concerning ballot access for minor parties and independent candidates in over half the states. I have been accepted as an expert in U.S. District Courts in nine states. I submit this amended expert report for use in the case of Libertarian Party of Tennessee, et al v Brook Thompson, et al, no. 3:08cv-63. It supplants my expert report of April 11, 2008.

<u>Opinion One: It is the norm in the United States that minor parties always, or virtually always, appear on state ballots in presidential and congressional election years. Tennessee, by having excluded all minor party labels from the general election ballot for all years since 1972 (except for 2000), stands in sharp contrast to 48 other states.</u>

In support of this opinion, here is a chart that lists some parties (other than the Democratic and Republican Parties) that appeared on the ballot in each state, for the November 2002, November 2004, and November 2006 elections. Information about the 2008 election appears immediately after the chart. "Appeared on the ballot" is defined to mean that the party's nominee appeared on the November ballot, and the party label also appeared on the ballot, next to the name of the candidate. Most entries below are for statewide office, but sometimes a party only appeared on the ballot in part of the state. Some of the nationally-organized minor parties use a different name in particular states. For instance, the Green Party in West Virginia uses the name "Mountain Party." For

such instances, the chart uses the national name of the party, not the name of the party in that particular state.

| STATE | 2002 | 2004 | 2006 |
|---|---|---|---|
| Alabama | Libertarian | - - | Libertarian |
| Alaska | Libertarian, Green | Libertarian, Green | Libertarian, Green |
| Arizona | Libertarian | Libertarian | Libertarian |
| Arkansas | - - | Constitution, Green, Libertarian | Green |
| California | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Colorado | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Connecticut | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Delaware | Libertarian, Green | Libertarian, Green, Constitution | Libertarian, Green, |
| Florida | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Constitution |
| Georgia | Libertarian, Green | Libertarian | Libertarian |
| Hawaii | Libertarian, Green | Libertarian, Green | Libertarian, Green |
| Idaho | Libertarian, Constitution | Libertarian, Constitution | Libertarian, Constitution |
| Illinois | Libertarian, Green | Libertarian, Green | Libertarian, Green |
| Indiana | Libertarian, Green | Libertarian | Libertarian |
| Iowa | Libertarian, Green | Libertarian, Green, Constitution | Libertarian, Green |
| Kansas | Libertarian | Libertarian | Libertarian |
| Kentucky | Libertarian | Libertarian, Constitution | Libertarian, Constitution |
| Louisiana | - - | Libertarian, Green, Constitution | Libertarian |
| Maine | Libertarian, Green | Libertarian, Green, Constitution | Green |

| State | | | |
|---|---|---|---|
| Maryland | Libertarian | Libertarian, Green, Constitution | Libertarian, Green |
| Massachusetts | Libertarian, Green | Libertarian, Green | Libertarian, Green |
| Michigan | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Minnesota | Green, Constitution | Libertarian, Green, Constitution | Green, Constitution |
| Mississippi | Libertarian | Libertarian, Green, Constitution | Libertarian |
| Missouri | Libertarian, Green | Libertarian, Constitution | Libertarian, Green |
| Montana | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Constitution |
| Nebraska | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Nevada | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| New Hampshire | Libertarian | Libertarian | Libertarian |
| New Jersey | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian |
| New Mexico | Libertarian, Green | Libertarian, Green, Constitution | Libertarian, Green |
| New York | Libertarian, Green | Libertarian, Green | Libertarian, Green |
| North Carolina | Libertarian | Libertarian | -- |
| North Dakota | -- | Libertarian, Constitution | -- |
| Ohio | -- | -- | -- |
| Oklahoma | -- | -- | -- |
| Oregon | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Pennsylvania | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Rhode Island | Green | Libertarian, Green, Constitution | Cool Moose |
| South Carolina | Libertarian, Constitution | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| South Dakota | Libertarian | Libertarian, Constitution | Libertarian, Constitution |
| Tennessee | -- | -- | -- |

| | | | |
|---|---|---|---|
| Texas | Libertarian | Libertarian | Libertarian, Constitution |
| Utah | Libertarian, Green | Libertarian, Green, Constitution | Libertarian, Green, Constitution |
| Vermont | Libertarian | Libertarian, Green | Libertarian, Green |
| Virginia | Green, Constitution | Libertarian, Constitution | Libertarian |
| Washington | Libertarian, Green | Libertarian, Green, Constitution | Libertarian, Green |
| West Virginia | Green | Libertarian, Green | Green |
| Wisconsin | Libertarian, Green, Constitution | Libertarian, Green, Constitution | Libertarian, Green |
| Wyoming | Libertarian | Libertarian | Libertarian |

The chart shows that the only three states in which no parties (other than the Democratic and Republican Parties) appeared on the ballot in the period 2002 through 2006 are Ohio, Oklahoma, and Tennessee.[1] Ohio's law on ballot access for minor parties was declared unconstitutional by the 6th circuit in 2006 partly because no minor party had managed to qualify in that state since 2000.

Here is an update for the November 2008 election: the Libertarian, Green, Socialist and Constitution Parties appeared on the Ohio ballot. See *Libertarian Party of Ohio v Brunner*, 567 F.Supp.2d 1006 (S.D.Ohio 2008), in which the court ordered the Secretary of State to print the Libertarian Party's nominees for President, Congress and state legislature on the November ballot with the party label. The Secretary of State then voluntarily put the other three minor parties on the November 2008 ballot.

In the November 2008 election, Libertarian Party nominees for President or Congress, or both, appeared on the ballots in all states with the party label, except in

---

[1] Although no minor parties appeared on the ballot in Oklahoma 2002-2006, minor parties did appear in Oklahoma in 1980, 1984, 1988, 1992, 1996, 1998, and 2000. Thus there is a significance difference between Oklahoma's history of minor parties on the ballot, and Tennessee's history.

Oklahoma, Maine, Tennessee, and West Virginia. In the November 2008 election, the Green Party appeared on the ballot in Maine and West Virginia, and the Constitution Party appeared on the ballot in West Virginia. Therefore, at least one of the three plaintiff political parties appeared on the ballot of all states in November 2008, except for Tennessee and Oklahoma.

It is normal for minor parties to appear on the ballot in every presidential and congressional election year, in virtually all states. Minor parties appeared regularly on the Tennessee ballot until the existing petition was imposed in 1961.[2] For example, in 1960, Tennessee had four parties on the ballot: Democratic, Republican, Constitution, and Prohibition. See the Tennessee ballot from November 1960, attached as an Exhibit. Minor parties place nominees on the ballot so that they have a voice for their ideas. The minor parties hope to attract voters who will in turn join the party, or at least take an interest in it. Minor party candidates are severely handicapped when they do not have their party label printed on the ballot next to their names.

Opinion Two: the plaintiff political parties are *bona fide* parties. The Libertarian Party has elected its nominees in partisan elections in Alabama, Alaska, Colorado, Georgia, Idaho, Indiana, Michigan, New Hampshire, New Jersey, Pennsylvania, Texas, Utah,

---

[2] Tennessee used a government-printed ballot starting in 1889. For the period 1889-1961, any new or minor party that wished to be on the general election ballot merely had to nominate candidates by convention, and notify the elections officials, and those nominees would be placed on the November ballot. In 1961 the legislature changed the law, so that only parties that had either polled 10% in the last election, or which submitted a petition signed by 5% of the last vote cast, could be on the ballot. Since the 1961 change, the only instances at which minor parties have appeared on the Tennessee ballot were 1968-1972 (when George Wallace's American Party qualified), and in 2000 (when the legislature authorized a temporary procedure by which candidates who used the independent procedure, but had polled 5,000 votes for their presidential candidates in 1996 as independents, could have the party label printed on the November 2000 ballot). The 1961 change is found in the 1961 Session Laws, chap. 103, p. 350. In 1972 the legislature reduced the 5% petition to 2.5%, and the vote test from 10% to 5%. The temporary measure for the year 2000 only allowed the candidates of the Libertarian, Reform, and Green Parties to have their party name next to their names, although the candidates were still listed under an "independent" heading. See Appendix "B", a copy of the Tennessee Nov. 2000 ballot.

Vermont and Wisconsin. It has elected state legislators in Alaska, New Hampshire, and Vermont. The Constitution Party has won partisan elections in Iowa, Montana, and Nevada, including a state legislator in Montana in 2006. The Green Party has won partisan elections in California, Colorado, Connecticut, Hawaii, Maine, Mississippi, New York, Pennsylvania, and Rhode Island. It has elected a state legislator in both California and Maine.

<u>Opinion Three: Many attempts have been made by minor parties to qualify as political parties in Tennessee.</u> The Green Party tried to qualify in 1993. It had collected 1,000 signatures by May 1993, but then became discouraged and made no further headway. The Reform Party tried to qualify in 1995-1996, and had 13,000 signatures by April 1996, but since petitions seemed to be due in April and the requirement was 37,179, that drive failed. The Reform Party tried again in 1997-1998, and tried again in 1999-2000, but neither of those attempts yielded more than 9,000 signatures. Tennessee is the only state in which the Reform Party tried to qualify as a party in 1996, and failed. Also, the Constitution Party tried to qualify in 1999-2000, and tried again in 2001-2002, and tried a third time in 2003-2004. The Constitution Party's best attempt was during 2001; it had 11,000 signatures as of January 2002. Also, a party called the Populist Party tried to qualify in 1989-1990, and reached 4,000 signatures by April 1990. I am aware of these attempts because my newsletter, *Ballot Access News,* has tracked petitions circulated by minor parties to get on state ballots, ever since 1987.

<u>Opinion Four: the Tennessee Attorney General issued a Memorandum dated September 17, 1984, saying sec. 2-1-104(28)(b), the definition of "political party" is unconstitutional.</u> Most of that Memorandum is attached as an Exhibit. Unfortunately I

have lost the last page. Included is a letter from the Tennessee Elections Department, date March 27, 1984, acknowledging that the statute does not say when the new party petition is due. I have communicated many times with Tennessee state elections officials since 1984, asking them to ask the legislature to revise the definition of "political party". Bills have been introduced to ease the definition of "political party", but they have never passed. The most recent attempt was in 2007. SB 288 and HB 626 would have set up a two-tier system of political parties. Qualified major parties would continue to nominate by primary; qualified minor parties would nominate by convention at their own expense. A group could become a qualified minor party by submitting 2,500 valid signatures on a petition. These bills made no headway.

<u>Opinion Five</u>: I believe it would be impossible, or virtually impossible, for any group to successfully use the petition procedure to qualify a new party. The combination of the high number of signatures, the requirement that the signers must claim to be members, and the early deadline, are fatal, as the historical record shows.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: San Francisco, California
June 5, 2009

*Richard Winger*
Richard Winger

APPENDIX A: Richard Winger Curriculae Vitae
3201 Baker Street
San Francisco, California 94123

EDUCATION
BA, Political Science, University of California, Berkeley, 1966
Graduate study, Political Science, UCLA, 1966-67

EMPLOYMENT
*Ballot Access News*, Editor 1985-Present
Editor of newsletter covering legal, legislative and political developments of interest to minor parties and independent candidates. Researcher of ballot access laws of all 50 states from years 1888-present; well versed in how ballot access laws of each state work historically and how they compare to each other. Responsible for reading all statutes, regulations, legal opinions, and state attorney general opinions on rights of political parties and the publications of minor parties.

On the Editorial Board of *Election Law Journal*, published by Mary Ann Liebert, Inc., Larchmont, N.Y., since 2001.

PUBLICATIONS
Wrote a chapter or two in each of these books:

*Others, Vol. 2, Third Parties During The Populist Period,* by Darcy G. Richardson (2007: iUniverse, Inc., New York). Wrote the book's Appendix, "Early Ballot Access Laws for New and Minor Parties."

*Democracy's Moment*
edited by Ronald Hayduk and Kevin Mattson (2002: Rowman & Littlefield, Lanham, Md.)

*The Encyclopedia of Third Parties in America*
edited by Immanuel Ness and James Ciment (2000: M.E. Sharpe, Inc., Armonk, N.Y.)

*Multiparty Politics in America*
edited by Paul S. Herrnson (1997: Rowman & Littlefield, Lanham, Md.)

*The New Populist Reader*
edited by Karl Trautman (1997: Praeger, Westport, Ct.)

Additional articles published in these periodicals:
*University of Arkansas Little Rock Law Review*
*Wall Street Journal*
*American Review of Politics*
*The Long Term View*
*University of Mass. Law Review*
*California Journal*
*Election Law Journal* (two articles)

1

*Cleveland State Law Review*
*Chronicles Magazine*
*Price Costco Connection*
*Fordham Urban Law Journal*
NATIONAL INTERVIEWS on Minor Parties, Independents, Ballots and Ballot Access
    NBC                                        *National Public Radio*
    ABC                                        *Pacifica Radio*
    CNN                                        *MSNBC*

CASES: TESTIMONY or AFFIDAVITS (political party or candidate prevailing, or case pending)
    **Alaska**: Libertarian Party v Coghill, state superior court, 3rd dist., 3AN-92-08181, 1992 Court issued injunction enjoining enforcement of petition deadline for minor parties
    **Arizona** (2 cases): Campbell v Hull, 73 F Supp 2d 1081 (1999); Az. Libt. Party v Hull, superior court, Maricopa Co. 96-13996, 1996. Court ordered Secretary of State to place Libertarian Party presidential candidate on ballot.
    **Arkansas** (3 cases): Citizens to Establish a Reform Party v Priest, 970 F Supp 690 (E.D. Ark. 1996); Green Party of Ark. v Priest, 159 F.Supp.2d (E.D. Ark. 2001); Green Party of Ark. v Daniels, U.S. District Court, 448 F.Supp 2d 1056 (E.D.Ark. 2006).
    **California**: California Democratic Party v Jones, 530 US 567 (2000).
    **Colorado**: Ptak v Meyer, 94-N-2250, U.S. Dist. Ct., 1994. Court ordered Secretary of State to place Libertarian legislative candidate on ballot.
    **Connecticut**: Green Party of Connecticut v Garfield, U.S. Dist. Ct., 2008. No formal decision yet.
    **Florida** (2 cases): Libt. Party of Fla. v Mortham, 4:96cv258-RH, U.S. Dist. Ct., N.D., 1996. Court ordered Secretary of State to place Libertarian vice-presidential candidate on ballot. Reform Party v Black, 885 So.2d 303 (Fla. 2004).
    **Georgia**: Bergland v Harris, 767 F 2d 1551 (11th cir., 1985). U.S. Court of Appeals remanded case back to U.S. District Court. Before U.S. District Court acted, legislature substantially eased law, so case became moot.
    **Hawaii**: Libt. Party of Hi. v Waihee, cv 86-439, U.S. Dist. Ct., 1986. Court ordered Lieutenant Governor to extend petition deadline for new parties.
    **Illinois**: (2 cases): Nader v Ill. State Bd. of Elections, 00-cv-4401, U.S. Dist. Ct., N.D., 2000. Court ordered State Board of Elections to place candidate on ballot. Lee v Ill. State Bd. of Elections, 463 F.3d 763 (7th cir. 2006).
    **Iowa**: Oviatt v Baxter, 4:92-10513, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put Grassroots Party candidate for Congress on ballot.
    **Kansas**: Merritt v Graves, 87-4264-R, U.S. Dist. Ct., 1988. State did not defend three election laws and signed consent decree on independent petition deadline, requirement that independent petitions not be circulated outside of circulator's home precinct, and requirement that voters could only register in qualified parties. This case should not be confused with another by the same name decided in December, 1988.
    **Kentucky**: Libt. Pty. of Ky. v Ehrler, 776 F Supp 1200 (E.D. 1991)
    **Maryland** (2 cases): Dixon v Md. State Adm. Bd. of Elec. Laws, 878 F 2d 776 (1989, 4th cir.); Green Party v Bd. of Elections, 832 A 2d 214 (Md. 2003).
    **Nevada** (2 cases): Libt Pty. of Nev. v Swackhamer, 638 F Supp 565 (1986); Fulani v Lau, cv-N-92-535, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put various minor parties on ballot.
    **New Jersey** (2 cases): Council of $_2$Alternative Political Parties v Hooks, 999 F Supp

**New Jersey** (2 cases): Council of Alternative Political Parties v Hooks, 999 F Supp 607 (1998); Council of Alternative Political Parties v State Div. of Elections, 781 A 2d 1041 (N.J.Super. A.D. 2001).
**New York** (3 cases): Molinari v Powers, 82 F Supp 57 (E.D.N.Y. 2000); Schulz w Williams, 44 F 3d 48 (2nd cir., 1994); Green Party of N.Y. v N.Y. State Bd. of Elections, 389 F.3d 411 (2nd cir., 2004).
**North Carolina**: Obie v N.C. Bd. of Elections, 762 F Supp 119 (E.D. 1991); DeLaney v Bartlett, 370 F.Supp.2d 373 (M.D. 2004).
**Ohio**: Libertarian Party of Ohio v Blackwell, 462 F.3d 579 (6th cir. 2006).
**Oklahoma**: Atherton v Ward, 22 F Supp 2d 1265 (W.D. Ok. 1998).
**Pennsylvania**: Patriot Party of Pa. v Mitchell, 826 F Supp 926 (E.D. 1993).
**South Dakota**: Nader v Hazeltine, 110 F Supp 2d 1201 (2000).
**Texas**: Pilcher v Rains, 853 F 2d 334 (5th cir., 1988).
**Virginia**: Libt. Pty of Va. v Quinn, 3:01-cv-468, U.S. Dist. Ct., E.D. (2001). Court ordered State Board of Elections to print "Libertarian" party label on ballot next to name of Libertarian candidates.
**West Virginia** (3 cases): State ex rel Browne v Hechler, 476 SE 2d 559 (Supreme Court 1996); Nader v Hechler, 112 F.Supp.2d 575 (S.D.W.V., 2000); McClure v Manchin, 301 F Supp 2d 564 (2003).

CASES: TESTIMONY or AFFIDAVITS (political party or candidate not prevailing)
**Arizona**: (2 cases) Indp. Amer. Party v Hull, civ 96-1240, U.S. Dist. Ct., 1996; Browne v Bayless, 46 P 3d 416 (2002).
**Arkansas** (2 cases): Langguth v McKuen, LR-C-92-466, U.S. Dist. Ct., E.D., 1992; Christian Populist Party v Sec. of State, 650 F Supp 1205 (E.D. 1987).
**California**: Socialist Workers Party v Eu, 591 F 2d 1252 (9th cir., 1978).
**Florida** (2 cases): Fulani v Smith, 92-4629, Leon Co. Circuit Court, 1992; Libertarian Party of Fla. v State of Fla., 710 F 2d 790 (11th cir., 1983).
**Georgia** (2 cases): Libertarian Party of Ga. v Cleland, 1:94-cv-1503-CC, U.S. Dist. Ct., N.D. (1994); Esco v Secretary of State, E-53493, Fulton Co. Superior Court, 1998.
**Idaho**: Nader v Cenarrusa, cv 00-503, U.S. Dist. Ct., 2000.
**Illinois**: Libt Party v Rednour, 108 F 3d 768 (7th cir., 1997).
**Kansas**: Hagelin for President Committee v Graves, 804 F Supp 1377 (1992).
**Maine** (2 cases): Maine Green Party v Diamond, 95-318, U.S. Dist. Ct., 1995; Maine Green Party v Secretary of State, 96-cv-261, U.S. Dist. Ct., 1996.
**Maryland** (2 cases): Ahmad v Raynor, R-88-869, U.S. Dist. Ct., 1988; Creager v State Adm. Bd. of Election Laws, AW-96-2612, U.S. Dist. Ct., 1996.
**Missouri**: Manifold v Blunt, 863 F 2d 1368 (8th cir. 1988).
**New Hampshire**: Werme v Gov. of N.H., 84 F 3d 479 (1st cir., 1996).
**North Carolina**: Nader v Bartlett, 00-2040, 4th cir., 2000.
**Ohio**: Schrader v Blackwell, 241 F 2d 783 (6th cir., 2001).
**Oklahoma** (3 cases): Rainbow Coalition v Okla. State Elec. Bd., 844 F 2d 740 (1988); Nader v Ward, 00-1340, U.S. Dist. Ct., 1996; Clingman v Beaver, __US__ (May 2005).
**Oregon**: Libt Party v Roberts, 737 P 2d 137 (Ore. Ct. of Appeals, 1987).
**Texas** (2 cases): Texas Indp. Party v Kirk, 84 F 3d 178 (5th cir., 1996); Nat. Comm. of U.S. Taxpayers Party v Garza, 924 F Supp 71 (W.D. 1996).

3

**Virginia**: Wood v Meadows, 207 F 3d 708 (4th cir., 2000).
**West Virginia**: Fishbeck v Hechler, 85 F 3d 162 (4th cir., 1996).
**Wyoming**: Spiegel v State of Wyoming, 96-cv-1028, U.S. Dist. Ct., 1996.

QUALIFIED EXPERT WITNESS
- **Fishbeck v Hechler**, 85 F 3d 162 (4th cir. 1996, West Virginia case)
- **Council of Alternative Political Parties v Hooks**, 999 F Supp 607 (1998, N.J.)
- **Citizens to Establish Reform Party v Priest**, 970 F Supp 690 (E.D. Ark, 1996)
- **Atherton v Ward**, 22 F Supp 2d 1265 (W.D.Ok. 1998)
- **Calif. Democratic Party v Jones**, 530 US 567 (2000)
- **Swanson v Bennett**, not reported, U.S. Dist. Ct., m.d.Ala. (02-T-644-N)
- **Beaver v Clingman,** 363 F 3d 1048 (10th cir., 2004, Okla. case)
- **Green Pty v N.Y. Bd. Elec.**, 267 F Supp 2d 342 (EDNY 2003), 389 F.3d 411 (2nd 2004)
- **Lawrence v Blackwell**, 430 F.3d 368 (6th cir. 2005)

In all cases in which I was presented as an expert, the opposition accepted that designation, except in the Green Party of New York case. The U.S. District Court ruled that I qualify as an expert. See headnote #1 at page 342, and footnote nine on page 350. The 2nd circuit agreed, 389 F.3d 411 (2004), at 421.

SPEAKING ENGAGEMENTS: Colleges and Scholarly Meetings
- Panel of New York City Bar Association, 1994. Ballot access.
- Amer. Political Science Assn., nat. conventions of August 1995 and August 1996. Papers.
- Capital University School, law school class, Columbus, Ohio, 1996. Guest lecturer.
- Cal. State U., course in political science, Hayward, 1993 and 1996. Guest lecturer.
- San Francisco City College, course in political science, 1996 and 1997. Guest lecturer.
- Providence College, R.I., Oct. 1997, seminar on ballot access.
- Harvard U., JFK School of Gov't, Oct. 18, 1995, guest lecturer, ballot access.
- Voting Integrity Project national conference, Apr. 1, 2000, speaker on ballot access.
- Center for Voting & Democracy nat. conference, Nov. 30, 2003, speaker on ballot access.
- Robert Dole Institute of Politics, U. of Kansas, one of 5 panel members, Oct. 25, 2007.

4

## NOTICE:

Persons desiring to vote for Presidential Electors may vote for the entire group by placing an "X" in the box provided.

### DEMOCRATIC PARTY
### FOR PRESIDENT AND VICE-PRESIDENT

Electors for John F. Kennedy, candidate for President and Lyndon B. Johnson, candidate for Vice-President. ☐

(Vote for eleven)

MALCOLM BRANDON
G HILTON BUTLER
JOHN FORD CANALE
B B GULLETT
KEITH HAMPTON
RICHARD HAWKINS
MRS. DAMON HEADDEN
JAMES P LANIER
EVERETT LEWALLEN
EARL REASOR
CHARLIE WALKER

### REPUBLICAN PARTY
### FOR PRESIDENT AND VICE-PRESIDENT

Electors for Richard M. Nixon, candidate for President, and Henry Cabot Lodge, candidate for Vice President. ☐

(Vote for eleven)

CLAUDE ACUFF
JOE APPLEBY
ROY HALL
LEHMAN KEITH
HARRY L KELLY
W R LANDRUM
LON A PRICE
E B MAUPIN JR
JUDGE T L SEEBER

### UNITED STATES SENATOR
(Vote for One)

A BRADLEY FRAZIER ☐
ESTES KEFAUVER ☐

### FOR UNITED STATES CONGRESS
(5th Congressional District)
(Vote for One,

J CARLTON LOSER ☐

### FOR PUBLIC SERVICE COMMISSIONER
(East Tennessee)
(Vote for One)

HAMMOND FOWLER ☐

### FOR STATE SENATE
(16th Senatorial District)
(Vote for One)

ROBERT C TAYLOR ☐

### FOR STATE SENATE
(17th Senatorial District)
(Vote for One)

THOMAS E McGRATH ☐

### FOR DIRECT REPRESENTATIVE
(Vote for Six)

C R ALLEN III ☐
F CLAY BAILEY JR ☐
HERBERT JONES ☐
GARNER ROBINSON ☐
THOMAS H. SHRIVER ☐

Case 3:08-cv-00063    Document 25-3    Filed 01/15/10    Page 12 of 20 PageID #: 333

JAMES D ESTEP JR
WALKER WELFORD

## PROHIBITION PARTY OF THE STATE OF TENNESSEE

### FOR PRESIDENT AND VICE PRESIDENT

Electors for Rutherford L. Decker, candidate for President and E. Harold Munn, candidate for Vice-President. ☐

(Vote for eleven)

H EVAN McKINLEY
H A HARVEY
W EARLE STEVENS
BETTY MAE SHORTS
AMY L PERSON
CURTIS E DEARING
BOYD LeCROY
LAWRENCE GREEN
S A MURPHY
W C JONES
W E TEMPLETON

## NATIONAL STATES RIGHTS PARTY

### FOR PRESIDENT AND VICE-PRESIDENT

Electors for Orval E. Faubus, candidate for President, and Admiral John G. Crommelin, candidate for Vice-President. ☐

(Vote for eleven)

RUSSELL D. HURST
MILTON W. HENDERSON
PLESE W. BUNCH
JOHN R. HUMPSTON
JACK W. BROWN
JAMES H. PATTERSON, JR.
MRS. ROBERT WRAY
W. L. MORROW
J. H. SULLIVAN
GEORGE A. SOMERVELL
BARNEY L LOFTIN SR

DR WILLIAM P WINTER ☐

## FOR FLOTERIAL REPRESENTATIVE

15th District

(Vote for One)

CHARLES GALBREATH ☐

### "RELATING TO THE EXTENSION OF THE TERM OF TRUSTEE, ARTICLE VII, SECTION I

"That Section I of Article VII of the Constitution of the State of Tennessee be amended to read as follows:

Section I. County Officers; their election; terms; removal.

"There shall be elected in each county, by the qualified voters therein, one Sheriff, one Trustee, one Register; the Sheriff for two years, the Trustee for four years, and the Register for four years, provided that the first four year term of the Trustee shall begin on or after September 1, 1962. But no person shall be eligible to the office of Sheriff more than six years in any term of eight years. There shall be elected for each county, by the Justices of the Peace, one Coroner, and one Ranger, who shall hold their offices for two years; said officers shall be removed for malfeasance, or neglect of duty, in such manner as may be prescribed by law."

FOR THE AMENDMENT ☐
AGAINST THE AMENDMENT ☐

Voters will indicate their vote by placing a cross mark opposite one or the other of the above expressions.

Case 3:08-cv-00063    Document 25-3    Filed 01/15/10    Page 13 of 20 PageID #: 334



**MEMORANDUM**

DATE: September 17, 1984

RE: Libertarian Party of Tennessee
Constitutionality of T.C.A. § 2-1-104(28)(b)

---

This memorandum is to analyze the August 14th letter from Henry Martin, attorney for the Libertarian Party of Tennessee, questioning the constitutionality of Tenn. Code Ann. §2-1-104 (28)(b), relative to the definition of a statewide political party for election matters. This memorandum will analyze the constitutionality of this statute under the legal authorities cited in Mr. Henry Martin's letter and other applicable authorities. In summary, Mr. Martin is correct as to his reading of the case law as to the constitutionality of Tenn. Code Ann. § 2-1-104(18)(b).

The statute at issue requires that any eligible voter who signs a petition for a political party to declare, in addition, his or her affiliation with that party. In particular, the statute that is included in the definition section of the general provisions of the Election laws, provides as follows:

> 'Statewide political party' means either
>
> (A) A political party, at least one of whose candidates for an office to be elected by the voters of the entire state in the past four (4) calendar years has received a number of votes equal to at least five percent (5%) in numbers of a total number of votes cast for gubernatorial candidates in the most recent election of governor; or
>
> (B) For one (1) year after petition successfully a political party which has

Memorandum
September 17, 1984
Page 2

> a membership equal to at least two and one-half percent (2 1/2%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor, as shown by petitions to establish a political party filed with the Coordinator of Elections and <u>signed by registered voters as members of the party</u> and certificate certify as to the registration of the signers by the county election commission of the counties where the signers are residents. (Emphasis added).

In a word, to be considered a "statewide political party" for the purpose of ballot access for its candidates, the party must first meet the percentage requirements listed above and, second, all signatures on such petitions must be by registered voters who declare themselves to be members of the party.

Mr. Martin's letter cites several authorities in support of his contention that Tenn. Code Ann. § 2-1-104(28)(b) is unconstitutional. <u>Anderson v. Celebrezze</u>, \_\_\_\_ U.S. \_\_\_\_, 103 S.Ct. 1564 (1963), that is cited by Mr. Martin, is not directly on point, but does articulate the nature of the constitutional interests of the Libertarian Party and its members. In <u>Anderson v. Celebrezze</u>, <u>supra</u>, the Supreme Court struck down an Ohio statutory requirement that "candidates for president must file their nominating petitions seventy-five days before the day of the primary election immediately preceeding the general election at which such candidacy is to be voted for by the voters . . . ." <u>Anderson v. Celebrezze</u>, 103 S.Ct. at 1566, n. 1. The Court noted that the First and Fourteenth Amendments recognize as an element of "liberty":

> Voters can assert their preferences only through candidates or parties, or both, . . . The right to vote is 'heavily burdened' if that vote may be cast only for major party candidates at a time when other parties and other candidates are 'clamoring for a place on the ballot'. The exclusion of candidates also burdens voters' freedom of association, because

Memorandum
September 17, 1984
Page 3

>    an election campaign is an effective
>    platform for the expression of views on
>    the issues of the day, and a candidate
>    serves as a rallying point for like-
>    minded citizens. [Footnote omitted].
>    Anderson v. Celebrezze, 103 S.Ct. at
>    1569.

The Court also outlined, in Anderson v. Celebrezze, the framework for legal analysis of whether a state statute that impinges upon these constitutional interests is constitutional.

>    [The District Court] must first consider
>    the character and magnitude of the
>    asserted injury to the rights protected
>    by the First and Fourteenth Amendments
>    that the plaintiff seeks to vindicate. It
>    then must identify and evaluate the pre-
>    cise interest put forth by the State as
>    justifications for the burden imposed by
>    its rule. In passing judgment, the court
>    must not only determine the legitimacy
>    and strength of each of those interests;
>    it also must consider the extent to which
>    those interests make it necessary to bur-
>    den the plaintiff's rights. Only after
>    weighing all these factors is the
>    reviewing court in a position to decide
>    whether the challenged provision is
>    unconstitutional. Anderson v.
>    Celebrezze, 103 S.Ct. at 1570.

See also, Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 99 S.Ct. 983 (1979), wherein the Supreme Court declared a twenty-five thousand voter signature requirement for the special election for mayor of Chicago to be unconstitutional. "The right to associate as a political party is a fundamental federal constitutional right," Williams v. Rhodes, 393 U.S 23, 30-31, 89 S.Ct. 5, 10 (1968) and state statutory access restrictions affect the constitutional rights of individual voters. Lubin v. Parish, 415 U.S. 709, 716, 93 S.Ct. 1315, 1320 (1974). However, the Supreme Court, in a summary disposition, did affirm an Illinois statutory signature requirement of five percent of the entire vote cast for governor, congress,

Memorandum
September 17, 1984
Page 4

state legislator, or other representative of a political subdivision, or unit, to be recognized as an established political party. Jackson v. Ogilvie, 325 F.Supp. 864 (N.D. Ill.), summarily aff'd, 403 U.S. 925, 91 S.Ct. 2247 (1971). See generally, Fourteenth Amendment Equal Protection Clause as Affecting Nomination for Election to State Office - Federal Cases, 59 L.E.2d 852 (1980).

In this instance, it appears that several courts, including the Court of Appeals for the Sixth Circuit, have engaged in this type of constitutional analysis with respect to similarly worded statutes of other states. The Courts uniformly have found such statutes to be unconstitutional.

In Anderson v. Mills, 664 F.2d 600 (6th Cir. 1981)[1], the Court of Appeals for the Sixth Circuit held to be unconstitutional a Kentucky state statute that inter alia required independent presidential candidates to obtain five thousand signatures to obtain ballot access, and further required that any voter signing such a petition declare his intention to vote for that candidate. The Court, in striking down this statute, stated:

> It is only those electors wishing to sign a petition who must declare their desire to vote for a specific individual. Electors who support other candidates have no such public declaration. The chilling effect that such a practice has on associational and voting rights is obvious. The voting citizen must decide whether to sign such petition, having his political preference clearly and unmistakably disclosed, or to refrain from signing it. A potential subscriber, who is uncertain about whom he will support in the general election, but with an interest in the candidate, will be unable to sign the petition because of the requisite declaration. The impact to the

---

[1] Anderson v. Mills was cited approvingly in Anderson v. Celebrezze, 103 S.Ct. at 1568.

Case 3:08-cv-00063     Document 25-3     Filed 01/15/10     Page 18 of 20 PageID #: 339

>candidate is equally drastic. He is unable to espouse his views because the declaration greatly curtails his ability to appear on the ballot and become widely known. The possibility of having new candidates with unusual and creative political philosophies is greatly reduced. As a result, this requirement fosters a system which favors the status quo while discouraging independent candidates and new political parties. Anderson v. Mills, 664 F.2d at 609.

The Court proceeded then to consider whether there were "fundamental state interests" to uphold this statutory requirement.

The Court of Appeals recognized the constitutional principle that states may require "... a modicum of support for ballot access of a candidate...." and stated that

>The Supreme Court has never approved a declaration similar to the Kentucky 'desire to vote provision ... Such a provision may be the most effective means to determine the support a candidate has in the community, but it also greatly, and unnecessarily, curtails associational and voting rights. Such an abridgement cannot stand. Kentucky has less burdensome alternatives available to carry out its legitimate goals. Those alternatives (signatures, restrictions on primary voting, etc.) strike the proper balance necessary in order to safeguard the voters' constitutional interest and to insure an effective election procedure. There are circumspect methods of protecting the election process and do not unnecessarily infringe upon constitutional rights." Anderson v. Mills, 664 F.2d at 610.

Anderson v. Mills has been cited as supporting authority in other cases in which the Libertarian Party was involved.

*last page is missing*

# State of Tennessee



Department of State
Nashville, TN 37219

March 27, 1984

CAPITOL BUILDING
(615) 741-2816

GENTRY CROWELL
*Secretary of State*

JAMES W. SIMMONS
*Executive Assistant*

MARY SUE WRIGHT
*Administrative Assistant*

JAMES K. POLK BUILDING
FIFTH FLOOR

ADMINISTRATIVE PROCEDURES
(615) 741-7008

CHARITABLE SOLICITATIONS
(615) 741-2555

CORPORATIONS
(615) 741-2286

ELECTIONS
(615) 741-7956

NOTARIES
(615) 741-3699

PUBLICATIONS
(615) 741-2650

SUMMONS
(615) 741-1799

UNIFORM COMMERCIAL CODE
(615) 741-3276

Richard Winger
3201 Baker Street
San Francisco, CA 94123

Dear Mr. Winger:

Since candidates for the August primary must file petitions by June 7, 1984, it can be assumed that new parties would have to qualify prior to that date.

Our statutes do not specify a date and therefore common sense and logic must be relied on - this I realize, can be dangerous when dealing with law!

Seriously, there is no specific time set forth. However, since the signors of a petition for a party candidate must sign as members of that party, and since these petitions are due by noon, the first Thursday in June, we can only conclude that the petitions establishing the new party must be filed some reasonable length of time prior to the June qualifying deadline. I personally would think that May 1st would be considered reasonable under the circumstances.

This is an area that needs to be addressed by our legislature.

I apologize for the delay. Mr. Moreland left my staff the first of March and I had no idea your request was pending.

Sincerely,

David A. Collins  By: J.N.

DAC:pe

Case 3:08-cv-00063   Document 25-3   Filed 01/15/10   Page 20 of 20 PageID #: 341