IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF TENNESSEE, ANTHONY WALL, GREEN PARTY OF TENNESSEE, KATHLEEN A. CULVER, CONSTITUTION PARTY OF TENNESSEE, and JOAN CASTLE, | ) ) ) ) ) ) ) | |
| ....Plaintiffs, | ) ) | Case No. 3: 08-0063 Judge Haynes |
| v. | ) ) | |
| BROOK THOMPSON, Coordinator of Elections for the State of Tennessee; and TRE HARGETT, Secretary of State for the State of Tennessee, | ) ) ) ) ) | |
| ....Defendants. | ) | |

CONCISE STATEMENT OF THE MATERIAL FACTS AS TO WHICH
THE PLAINTIFFS CONTEND THERE IS NO GENUINE ISSUE FOR TRIAL

The Plaintiffs to the instant case submit that there is no genuine issue as to the following material facts:

1. In the United States minor political parties always, or virtually always, appear on state ballots in presidential and congressional election years. Tennessee has excluded all minor party labels from the general election ballot for all Tennessee elections since 1972 (except for 2000)(Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.3, ¶5).

Response:

2. Minor political parties appeared regularly on the Tennessee ballot until the existing petition law was imposed in 1961. For example, in 1960, the Tennessee ballot had four political

parties listed on it (Democratic, Republican, Constitution, and Prohibition)(Plaintiff's Exhibit 1, Affidavit of Richard Winger, p.3, ¶9).

     Response:

3.    Normally, minor political parties appear on the ballot in every presidential and congressional election year in virtually all states of the Union starting in 1889, the year when state governments started printing ballots. Prior to 1889, there were no government-printed ballots in state and federal elections in the United States; voters were free to make their own ballots or simply use the ballots printed by the voter's favorite political party. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.3, ¶8).

     Response:

4.    The State of Tennessee began using a government-printed ballot in 1889. From 1889 until 1961, any new or minor political parties that wished to be on the general election ballot in Tennessee merely had to nominate candidates by a convention, and notify the election officials of Tennessee in order to have the nominees of the political party placed on the November election ballot in Tennessee. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.4, ¶10).

     Response:

5. In 1961, the Tennessee legislature changed Tennessee's law so that only political parties that had either polled 10 percent in the last election or which submitted a petition signed by five percent of the vote cast in the last election could appear on the Tennessee ballot. The 1961 change in Tennessee's election law referred to herein is found in the 1961 session laws, chapter 103, page 350 (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.4, ¶11).

Response:

6. Since the 1961 change in Tennessee's election law set forth in paragraph 5 hereinabove, the only times at which minor parties have appeared on the Tennessee ballot were during the elections between 1968 and 1972 (when George Wallace's American Party qualified) and the temporary change in the Tennessee law for the election in 2000. George Wallace's American Party was so successful in the 1968 election in Tennessee that it came in second to the Republican Party's candidate, Richard Nixon, and ahead of the Democratic Party's candidate, Hubert Humphrey. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.4, ¶¶11 and 12).

Response:

7. Besides the success of obtaining ballot access on Tennessee's ballot of the American

Party between 1968 and 1972, the only other time since 1961 when another political party, besides the Republican or Democratic parties, appeared on the ballot in Tennessee was in the 2000 election where the Tennessee legislature authorized a temporary procedure by which candidates who had used the independent procedure, but had polled 5,000 votes for the presidential candidates in 1996 as independents, could have the party label printed on the November 2000 ballot. The result of this temporary procedure provided by the Tennessee legislature only allowed the candidates of the Libertarian, Reform, and Green parties to have their party name next to their candidate's name in the 2000 election only—although the candidates were still listed under an "independent" heading. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.4, ¶12).

Response:

8. In 1972, the Tennessee legislature reduced the five percent petition requirement for ballot access for political parties to 2.5 percent, and the vote cast requirement from 10 percent to 5 percent. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶13).

Response:

9. Since 1972, many attempts have been made by minor political parties to qualify as political parties in Tennessee without success. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger,

p.5, ¶¶14, 15, 16, 17, 18, and 19).

Response:

10. The Populist party tried to obtain political party recognition in Tennessee in 1989-1990, but was unsuccessful. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶15).

Response:

11. The Green party tried to obtain political party recognition in Tennessee in 1993-1994, but was unsuccessful. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶16).

Response:

12. The Reform party tried to obtain political party recognition in Tennessee in 1995-1996, again in 1997-1998, and once again in 1999-2000, but was unsuccessful each time. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶17).

Response:

5

13. The Constitution party tried to obtain political party recognition in Tennessee in 1999-2000, again in 2001-2002, and a third time in 2003-2004, but each time was unsuccessful. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶18).

Response:

14. In each of the attempts to obtain political party recognition related in paragraphs numbered 10 through 13 above, as to the Populist, Green, Reform, and Constitution parties, several thousand signatures were obtained, but not a sufficient number to be successful under current Tennessee law. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶19).

Response:

15. Since the 2000 general election, Tennessee and Oklahoma are the only states in the Union in which no political parties, other than the Democratic and Republican parties, have appeared on the ballot. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.3, ¶6).

Response:

16. While the State of Ohio had no political parties, other than the Democratic and Republican parties, appearing on its state ballot in the period from 2002 through 2006, Ohio did have political parties other than the Democratic and Republican parties appear on its ballot in 2008, partly as the result of Ohio's ballot access law for minor parties being declared unconstitutional by the United States Court of Appeals for the Sixth Circuit, based in part on the fact that no minor political parties had managed to qualify for the Ohio state ballot since the 2000 election. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.3, ¶7).

Response:

17. Other than Tennessee, there is no other state in the United States that requires voters signing a petition for a new political party to be recognized that requires the voters to state that they are members of the political party. (Plaintiffs' Exhibit 1, Affidavit of Richard Winger, p.5, ¶20).

Response:

18. Tennessee's requirement that registered voters who sign petitions for new party recognition must indicate that they are members of the new political party has been declared unconstitutional in every instance in which another state had a similar requirement, viz.: North Carolina, South Dakota, Nebraska, Nevada, New Mexico, and Kentucky. (Plaintiffs' Exhibit 1,

7

Case 3:08-cv-00063    Document 26    Filed 01/15/10    Page 7 of 10 PageID #: 348

Affidavit of Richard Winger, p.5, ¶20).

 Response:

19. In the general election for 2008 in the State of Ohio, besides the Republican and Democratic parties, the Libertarian, Green, Socialist, and Constitution parties appeared on the Ohio ballot. (Plaintiff's Exhibit 3, Amended Expert Report of Richard Winger, p.4).

 Response:

20. In the general election in 2008, the nominees of the Libertarian party for president or congress, or both, appeared on the ballot in all states with the party label, except Oklahoma, Maine, Tennessee, and West Virginia. However, in the November 2008 general election, the Green party appeared on the ballot in Maine and West Virginia, and the Constitution party appeared on the ballot in West Virginia. Thus, at least one of the three Plaintiff political parties in the instant case appeared on the ballot in all states in the November 2008 general election, except for Tennessee and Oklahoma. (Plaintiffs' Exhibit 3, Amended Expert Report of Richard Winger, pp.4-5).

 Response:

21. Although no minor political parties appeared on the ballot in Oklahoma in the years 2002 through 2008, minor parties did appear on the Oklahoma ballot in 1980, 1984, 1988, 1992, 1996, 1998, and 2000—all years in which minor political parties did not appear on the ballot in Tennessee—with the special temporary exception in 2000 as noted in paragraph 7 above.. (Plaintiffs' Exhibit 3, Amended Expert Report of Richard Winger, p.4, n.1).

Response:

22. The Tennessee Attorney General issued a Memorandum dated September 17, 1984, saying § 2-1-104(28)(b), the definition of "political party" is unconstitutional. Further, in a letter from the Tennessee Elections Department, dated March 27, 1984, it is acknowledged that the aforesaid statute does not say when the new party petition is due. (Plaintiffs' Exhibit 3, Amended Expert Report of Richard Winger, p.6-7).

Response:

Respectfully submitted this 15th day of January, 2010.

/s/ James C. Linger
JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile

bostonbarristers@tulsacoxmail.com

/s/ Darrell L. Castle
DARELL L. CASTLE, TNB No. 6863
Darrell L. Castle & Associates
3100 Walnut Grove, Suite 610
Memphis, TN 38111
(901) 327-2100
(901) 458-9443 Facsimile
dlc2586@aol.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2010, a true and correct copy of the above and foregoing concise statement was served upon:

JANET KLEINFELTER,
Senior Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
janet.kleinfelter@state.tn.us

*Counsel for Defendants*

*/s/ James C. Linger*
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com
