IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIBERTARIAN PARTY OF TENNESSEE, )
ANTHONY WALL, GREEN PARTY OF )
TENNESSEE, KATHLEEN A. CULVER, )
CONSTITUTION PARTY OF TENNESSEE, )
and JOAN CASTLE, )
)
....Plaintiffs, )
)
v. ) Case No. 03: 08-0063
) Judge Haynes
MARK GOINS, Coordinator of )
Elections for the State of Tennessee; and )
TRE HARGETT, Secretary of State )
for the State of Tennessee, )
)
....Defendants. )

# ATTACHMENT

# PLAINTIFFS' EXHIBIT "1"

# AFFIDAVIT OF RICHARD WINGER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF TENNESSEE, ANTHONY WALL, GREEN PARTY OF TENNESSEE, KATHLEEN A. CULVER, CONSTITUTION PARTY OF TENNESSEE, and JOAN CASTLE,<br><br>....Plaintiffs,<br><br>v.<br><br>BROOK THOMPSON, Coordinator of Elections for the State of Tennessee; and TRE HARGETT, Secretary of State for the State of Tennessee,<br><br>....Defendants. | Case No. 03: 08-0063<br>Judge Haynes |

**PLAINTIFF'S EXHIBIT 1**

AFFIDAVIT OF RICHARD WINGER

STATE OF CALIFORNIA )
) ss.
COUNTY OF SAN FRANCISCO )

Richard Winger, being duly sworn, deposes and says that:

1. I am a resident of San Francisco, California, and make this Affidavit with the knowledge that it is to be used in support of a Motion for Summary Judgment on behalf of the Plaintiffs in the above-referenced case.

2. I consider myself an expert in the field of minor political parties, independent candidates, voter registration, and election and ballot access laws in the United States, and have been so recognized by the Wall Street Journal, Time Magazine, Congressional Quarterly, and numerous Federal and State courts. I hold an A.B. Degree in Political Science from the University of California at Berkeley, have done further graduate study in Political Science at the

University of California at Los Angeles, and have written numerous articles and various publications and journals on the subject of ballot access for minor parties and independent candidates and third party political statistics.

3. As an expert witness, I have testified in Federal court in behalf of a number of ballot access lawsuits as set forth in my Curriculum Vitae attached hereto, marked Exhibit "2", and made a part of this Affidavit as though fully set forth herein. In addition, I have advised various third party and independent candidates in regard to ballot access laws. These parties and candidates include John Anderson's 1980 Independent Campaign for President, the Libertarian Party, the Prohibition Party, the Socialists Workers' Party, the National Unity Party, the Conservative Party, the New Alliance Party, the Communist Party, the American Independent Party, the Reformed Party, the Populist Party, the Green Party, and the Constitution Party. I have been accepted as an expert witness in U.S. District Courts in nine states.

4. I am familiar with the election laws of all 50 states and the District of Columbia as to ballot access for political parties and independent candidates. I am further familiar with the election results in the United States as to the major and minor political parties, and independent candidates for elective office. I have conducted research in this area for many years, and have made a particular study for the purpose of this Affidavit of the ballot access laws of the State of Tennessee, both past and present, and the history of major and minor political parties and independent candidates in Tennessee. Also, in preparation for this Affidavit, I have read and reviewed Plaintiffs' Motion for Summary Judgment, Plaintiffs' Brief in Support of their Motion for Summary Judgment, and Plaintiffs' Complaint and Defendants' Answer filed in the instant case.

5. It is the norm in the United States that minor political parties always, or virtually always, appear on state ballots in Presidential and Congressional election years. Tennessee, by having excluded all minor party labels from the General Election ballot for all Tennessee elections since 1972 (except for 2000), stands in sharp contrast to the remaining states in the Union.

6. Since the 2000 General Election, Tennessee and Oklahoma are the only states in which no political parties, other than the Democratic and Republican parties, appeared on the ballot.

7. While Ohio had no political parties, other than the Democratic and Republican parties, appearing on its state ballot in the period from 2002 through 2006, Ohio did have political parties other than the Democratic and Republican parties appear on its ballot in 2008, partly as the result of Ohio's ballot access law for minor parties being declared unconstitutional by the United States Court of Appeals for the Sixth Circuit, based in part on the fact that no minor political parties had managed to qualify for the Ohio state ballot since the 2000 election.

8. It is normal for minor political parties to appear on the ballot in every Presidential and Congressional election year in virtually all states of the Union. This fact has been true throughout the United States starting in 1889, the year when state governments started printing ballots. Before 1889, there were no government-printed ballots in state and federal elections in the United States; voters were free to make their own ballots, but most voters simply used a ballot printed by that voter's favorite political party.

9. In the State of Tennessee, minor political parties appeared regularly on the Tennessee ballot until the existing petition law was imposed in 1961. For example, in 1960, Tennessee had four political parties on the ballot (Democratic, Republican, Constitution, and Prohibition).

10. Tennessee began using a government printed ballot beginning in 1889. For the period from 1889 until 1961, any new or minor political party that wishes to be on the General Election ballot in Tennessee merely had to nominate candidates by convention, and notify the election officials, and nominees of the political party would be placed on the November election ballot.

11. In 1961, the Tennessee legislature changed the law so that only political parties that had either polled 10% in the last election, or which submitted a petition signed by 5% of the last vote cast, could be on the ballot. Since the 1961 change in Tennessee's election law, the only instances at which minor parties have appeared on the Tennessee ballot were during the elections between 1968 and 1972 (when George Wallace's American Party qualified). George Wallace's American Party was so successful in the 1968 election in Tennessee, that it lost a close election, coming in second to the Republican Party's candidate, Richard Nixon, but coming in ahead of the Democratic Party's candidate, Hubert Humphrey, in Tennessee. The 1961 change in Tennessee's election law referred to herein is found in the 1961 session laws, Chapter 103, Page 350.

12. The only other time since 1961 when another political party appeared on the ballot in Tennessee was in 2000 when the Tennessee legislature authorized a temporary procedure by which candidates who use the independent procedure, but had polled 5,000 votes for their Presidential candidates in 1996 as independents, could have the party label printed on the November 2000 ballot. The temporary measure provided for by the Tennessee legislature for the 2000 election in Tennessee only allowed the candidates of the Libertarian, Reform, and Green parties to have their party name next to their candidates' names, although the candidates were still listed under an "independent" heading.

13. In 1972, the Tennessee legislature reduced the 5% petition requirement for ballot access for political parties to 2.5%, and the vote cast from 10% to 5%.

14. Many attempts have been made by minor political parties to qualify as political parties in Tennessee since 1972, but all have been unsuccessful.

15. The Populist party tried to obtain political party recognition in Tennessee in 1989-1990, but was unsuccessful.

16. The Green party tried to achieve political party recognition in Tennessee in 1993-1994, but was unsuccessful.

17. The Reform party tried to obtain political party recognition in Tennessee in 1995-1996, again in 1997-1998, and once again in 1999-2000, but was unsuccessful each time.

18. The Constitution party tried to qualify for political party recognition in Tennessee in 1999-2000, again in 2001-2002, and a third time in 2003-2004, but each time was unsuccessful.

19. In each of the attempts to obtain political party recognition related hereinabove in paragraphs numbered 12, 14, 15, 16, 17, and 18, several thousand signatures were obtained, but not a sufficient number to be successful under current Tennessee law. I am aware of all the foregoing attempts because my newsletter, Ballot Access News, has tracked petitions circulated by minor parties to get on state ballots since 1987.

20. There is no other state in the United States that requires voters signing a Petition for a new political party to be recognized that requires the voters to state that they are members of the political party. In fact, Tennessee's requirement that registered voters who sign petitions for new party recognition must indicate that they are members of the new political party has been declared unconstitutional in every instance in which another state had a similar requirement, to-wit: North Carolina, South Dakota, Nebraska, Nevada, New Mexico, and Kentucky.

21. In the preparation of this Affidavit, I have consulted the pleadings in this case, the election results, ballots, and laws of Tennessee and the other 49 states and the District of Columbia, the work of other election experts, and my personal research.

Further Affiant sayeth not.

*Richard Winger*
Richard Winger

Subscribed and sworn to before me this _____ day of _____, 2009.

_____
Notary Public

Commission and Expiration:
_____

State of California
County of SAN FRANCISCO

Subscribed and sworn to (or affirmed) before me on this 5th day of June, 2009, by Richard Winger

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

CRAIG A. DEMETER
Commission # 1841589
Notary Public - California
San Francisco County
My Comm. Expires Mar 22, 2013

Signature [signature]

- Affidavit of Richard Winger
  CASE NO 03: 08 -0063

  documented signed in San Francisco

  Commission expiration date 3/22/2013