IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF TENNESSEE, ANTHONY WALL, GREEN PARTY OF TENNESSEE, KATHLEEN A. CULVER, CONSTITUTION PARTY OF TENNESSEE and JOAN CASTLE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:08-0063 Judge Haynes |
| MARK GOINS, Coordinator of Elections for the State of Tennessee, and TRE HARGETT, Secretary of State for the State of Tennessee, | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

After Plaintiffs filed their Motion for Summary Judgment, Concise Statement of Material Facts as to Which Plaintiffs Contend There is No Genuine Issue for Trial, and Memorandum Brief in Support of Their Motion for Summary Judgment on January 15, 2010, the Defendants filed a Response to Plaintiffs' aforesaid Concise Statement of Material Facts and a Response in Opposition to Plaintiffs' Motion for Summary Judgment on February 16, 2010. Plaintiffs now file their Memorandum Reply Brief in Support of their Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and the Order of this Court.

ARGUMENT AND AUTHORITIES

Defendants in their Response in Opposition to Plaintiffs' Motion for Summary Judgment and Response to Plaintiffs' Concise Statement of Material Facts as to which Plaintiffs Contend

There is No Genuine Issue for Trial essentially argue that it is immaterial what happened in the past for new political party formation in Tennessee, it is immaterial what the requirements for new party formation are in other states, it is immaterial what the ballot history and success rate for minor parties is in other states, and the expert testimony of Plaintiffs' expert, Richard Winger, is not reliable. For the reasons stated in Plaintiffs' Memorandum Brief in Support of their Motion for Summary Judgment and argued further in their Memorandum Brief and Response in Opposition to Defendants' Motion for Summary Judgment, as well as the instant Memorandum Reply Brief, the foregoing facts in support of Plaintiffs' Motion for Summary Judgment are material and the expert testimony of Richard Winger is reliable.

Plaintiffs will not repeat here what was previously argued as to the decision of other courts as to the importance of historical election statistics as a guide to determining the constitutionality of ballot access laws. *McLain v. Meier*, 637 F.2d 1159 (8th Cir. 1980); *Blomquist v. Thomson*, 571 F.Supp. 768 (D. Wyo. 1984); *Blomquist v. Thomson*, 739 F.2d 525 (10th Cir. 1984); *American Party of Texas v. White*, 415 U.S. 767 (1974); *Storer v. Brown,* 415 U.S. 724 (1974); and *Williams v. Rhodes*, 393 U.S. 23 (1968). Nonetheless, despite Defendants' contrary view, other courts have found historical election statistics and the frequency of success and failure in meeting ballot access laws to be of constitutional significance. The record of other minor parties in the instant case (not just the Constitution and Green Parties of Tennessee, but also the Reform and Populist Parties), while not the only factor to consider, has been recognized by the U.S. Supreme Court as important so that ". . . a historical record of parties and candidates being unable to meet the state's ballot-access requirements is a helpful guide in determining their constitutionality." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, at 590, citing *Storer v. Brown*, 415 U.S. at 742 and *California*

2

*Democratic Party v. Jones*, 530 U.S. 567, at 578 (2000).

However, Defendants' argument as to the immateriality of the ballot access requirements for new party formation in other states and the minor party Plaintiffs' success in meeting said requirements is an odd one to make when one considers that Defendants specifically requested in their Interrogatories to Plaintiffs that they provide information as to where the Libertarian, Constitution, and Green parties had obtained recognized, statewide political party status in other states and what requirements the parties had to meet in those other states. The Plaintiffs' answers were specifically attached to Defendants' Motion for Summary Judgment on January 15, 2010, as Exhibit "E", Libertarian Party of Tennessee's Response to Defendants' Interrogatories, Interrogatory No. 4, pp. 4-8; Exhibit "G", Constitution Party of Tennessee's Response to Defendants' Interrogatories, Interrogatory No. 4, pp. 4-7; and Exhibit "K", Green Party of Tennessee's Response to Defendants' Interrogatories, Interrogatory No. 4, pp. 4-7. Thus, Defendants evidently felt it important to ask the foregoing interrogatory questions of each of the Plaintiffs and attach them as exhibits entered in the case at bar.

As to the Defendants' argument in their Response in Opposition to Plaintiffs' Motion for Summary Judgment as to the expert testimony offered in Exhibits by Plaintiffs in support of their Motion for Summary Judgment, it is undisputed in Plaintiffs' Exhibit "2" (Richard Winger Curricula Vitae) that Richard Winger has been accepted as an expert witness in numerous cases in various federal District and Appellate courts including the Sixth Circuit's decision in *Libertarian Party of Ohio v. Blackwell*, *Id.*, a case somewhat similar to the case at bar. It would indeed be strange if the expert opinion of Richard Winger could be accepted by so many federal courts, including the United States Court of Appeals for the Sixth Circuit, and yet be urged by the

Defendants to be discounted and disregarded in the instant case.

## IV. CONCLUSION

WHEREFORE, premises considered, the Plaintiffs herein request that Plaintiffs' Motion for Summary Judgment be granted because the combined effect of the signature petition percentage requirement of 2½ percent of Tenn. Code. Ann. § 2-1-104(a)(30)(B) when considered with the early and vague filing deadline and the membership requirement is unconstitutional.

Respectfully submitted this 1st day of March, 2010.

/s/ James C. Linger
JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Phone; (918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

/s/ Darrell L. Castle
DARELL L. CASTLE, TNB No. 6863
Darrell L. Castle & Associates
3100 Walnut Grove, Suite 610
Memphis, TN 38111
(901) 327-2100 Phone; (901) 458-9443 Facsimile
dlc2586@aol.com
*Counsel for Plaintiffs*

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1ST day of March, 2010, I electronically transmitted the

foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a

Notice of Electronic Filing to the following ECF registrants:

JANET KLEINFELTER,
Senior Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
janet.kleinfelter@state.tn.us
*Counsel for Defendants*

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com
*Counsel for Plaintiffs*

5